■ Markek Leskinen, Plaintiff, v John J. Fusco et al., Defendants. Shearer & Essner, LLP, Nonparty Appellant-Respondent; Dov Apfel, Esq., Nonparty Respondent-Appellant. Shearer & Essner, LLP, Nonparty Appellant; Dov Apfel, Esq., Nonparty Respondent. [796 NYS2d 54]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 8, 2004, which, in a dispute between attorneys over the division of the fee earned in this medical malpractice action, denied the motions by appellant Shearer & Essner and cross appellant Apfel for relief that would effectively adjudicate their dispute without prejudice to either commencing a separate plenary action, continued a prior order directing that the fee be deposited with the County Clerk pending further order of the court, and, pursuant to 22 NYCRR part 130, imposed equal financial sanctions on appellant and cross appellant and awarded plaintiff interest on the settlement to be paid equally by appellant and cross appellant, unanimously modified, on the law and the facts, the sanctions and award of interest vacated, 50% of the deposited fee and accrued interest directed to be paid to cross appellant, the matter remanded to Supreme Court for further proceedings on whether sanctions should be imposed and interest awarded as against appellant, and otherwise affirmed, without costs. Order, same court and Justice, entered September 7, 2004, which denied as moot, in view of the July 8, 2004 order, appellant's motion to vacate prior orders temporarily restraining payment of the fee to it, unanimously affirmed, without costs.

There is no merit to appellant's claim that the orders on appeal constitute an unconstitutional attachment or other improper restraint on the payment of its fee. On this record and at this juncture, it appears that appellant attempted to appropriate the entire fee through the subterfuge of a proposed infant's compromise order that did not disclose cross appellant's claim to half of the fee and the fact that such claim was then being actively litigated before another justice. Once the court learned of cross appellant's claim shortly after signing the infant's compromise, it appropriately exercised its discretion to grant relief from an improperly obtained order (CPLR 5015 [a] [3]) by temporarily staying payment of the portion of the infant's compromise constituting attorneys' fees and disbursements (see Glazer & Gottlieb v Nachman, 234 AD2d 105 [1996]; Nachman v Nachman, 274 AD2d 313 [2000]).

The record does not support appellant's claim that cross appellant is not entitled to share in the fee because he engaged in the unauthorized practice of law in New York, in violation of Judiciary Law § 478. At no time did cross appellant ever appear in court, conduct a deposition or hold himself out as entitled to practice in New York, and his retainer agreement with plaintiff could not be clearer that a New York attorney would have to be

retained in the event of litigation. We note that the fee-sharing agreement between appellant and cross appellant obligates appellant to prepare and file a motion or other documents necessary to admit cross appellant pro hac vice, but appellant never did so. The award of sanctions against cross appellant should be vacated, inasmuch as he did nothing to impair or impede payment of the settlement funds to plaintiff.

Furthermore, pursuant to Judiciary Law § 475, cross appellant is entitled to receive 50% of the $574,047.01 legal fee presently deposited with the County Clerk's Office. The fee-sharing agreement between appellant and cross appellant clearly provided for a 50/50 split of the legal fee recovered in the action. There is no evidence to support appellant's contention that the division of the fee depended on the nature and extent of the services performed, and, as the Supreme Court found, appellant and cross appellant "represented the Leskinens jointly as co-counsel from October 17, 1997 to date." Cross appellant is not, however, entitled to treble damages under Judiciary Law § 487 since this matter "does not implicate the . . . statute's concern for curbing and providing redress for attorney over-reaching vis-à-vis clients" (*Liddle & Robinson v Shoemaker,* 276 AD2d 335, 336 [2000]).

We vacate the award of sanctions and remand for further proceedings as against appellant, since appellant was not given a reasonable opportunity to be heard (22 NYCRR 130-1.1 [d]; *see Telemark Constr. v Fleetwood & Assoc.,* 236 AD2d 462 [1997]). We also vacate the award of interest, which was imposed as a form of sanction intended to compensate plaintiff for the delay in payment of the settlement caused by appellant's ostensibly frivolous conduct.

We have considered appellant's other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and Williams, JJ.