■ MARY CARECCIA, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY, Doing Business as MTA LONG ISLAND BUS, et al., Appellants, et al., Defendant. [796 NYS2d 678]—

In an action to recover damages for personal injuries, the defendants Metropolitan Suburban Bus Authority, doing business as MTA Long Island Bus, and the County of Nassau appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), entered April 30, 2004, as granted the plaintiff's motion to strike their answer and, in effect, denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

An action should be determined on the merits whenever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579 [1993]). However, the motion court, in its discretion, may invoke the drastic remedy of striking an answer if it determines that the defendant's failure to comply with discovery demands is willful, contumacious, or in bad faith (*see id.*). Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to strike the answer of the defendants Metropolitan Suburban Bus Authority, doing business as MTA Long Island Bus, and County of Nassau (hereinafter the appellants). The appellants' willful and contumacious conduct can be inferred from their repeated failure to comply with the plaintiff's discovery demands and inadequate explanations offered to excuse the failures to comply (*see Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339 [2004]; *Montgomery v City of New York*, 296 AD2d 386 [2002]; *Herrera v City of New York*, 238 AD2d 475 [1997]; *cf. 181 S. Franklin Assoc. v Y & R Assoc.*, 6 AD3d 594 [2004]).

In light of this determination, we need not reach the appellants' remaining contentions. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.