■ Emilia Olexa, Respondent, v Betsy Jacobs et al., Appellants, et al., Defendants. [829 NYS2d 564]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Betsy Jacobs and Advanced Radiologi-

cal Imaging, P.C., appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Queens County (Hart, J.), dated January 5, 2006, which granted that branch of their motion which was to compel the plaintiff to turn over certain original mammograms only to the extent of directing the plaintiff to turn over the mammograms for two periods of 72 hours each, and conditionally striking their answer if they failed to return the original mammograms, and (2) so much of an order of the same court dated April 19, 2006 as denied that branch of their motion which was for leave to renew.

Ordered that the order dated January 5, 2006 is reversed insofar as appealed from, on the law and the facts, that branch of the motion which was to compel the plaintiff to turn over the original mammograms is granted that to the extent the plaintiff is directed to turn over the original mammograms to the appellants for two periods of 10 consecutive business days; and it is further,

Ordered that the appeal from the order dated April 19, 2006 is dismissed as academic; and it is further,

Ordered that the plaintiff's time to comply is extended until 30 days of service upon her of a copy of this decision and order.

With respect to the production of the subject mammograms, while it is clear that "[t]he supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court" (*see Setsuo Ito v Dryvit Sys.*, 5 AD3d 735 [2004], quoting *Provident Life & Cas. Ins. Co. v Brittenham*, 284 AD2d 518 [2001]), the Supreme Court herein erred in placing overly-restrictive limits on the appellants' time and opportunities to review the original mammograms. Because there is no dispute that the original mammograms are crucial to the defense of this action (*see* CPLR 3101 [a]; 3120 [1] [i]), we direct the plaintiff to turn over the original mammograms to the appellants for two periods of 10 consecutive business days.

The striking of a pleading may be an appropriate remedy for the negligent or intentional loss or destruction of crucial evidence (*see generally Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695, 696 [2005]; *Kirschen v Marino*, 16 AD3d 555, 555-556 [2005]; *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]; *Horace Mann Ins. Co. v E.T. Appliances*, 290 AD2d 418 [2002]). However, the court should not have ordered that the appellants' answer would be stricken if they "fail[ed] to return" the original films. Such a remedy was premature without the proper showing for the striking of a pleading based on the destruction of evidence.

In light of our determination on the appeal from the order dated January 5, 2006, the appeal from the order dated April 19, 2006 has been rendered academic. Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.