■ Victor Nunez, Respondent, v City of New York et al., Appellants. [831 NYS2d 420]—

In an action to recover damages for personal injuries, the defendant City of New York, and the defendants New York City Transit Authority and Judlau Contracting, Inc., separately appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated May 17, 2006, which granted the plaintiff's motion pursuant to CPLR 3126 to strike their separate answers for failure to comply with court-ordered disclosure.

Ordered that the order is affirmed, with one bill of costs.

A court is authorized to strike the pleadings of a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). Striking a pleading is appropriate where a party's conduct in resisting disclosure is shown to be willful and contumacious (*see Kryzhanovskaya v City of New York,* 31 AD3d 717 [2006]; *Mendez v City of New York,* 7 AD3d 766 [2004]; *Alto v Gilman Mgt. Corp.,* 7 AD3d 650 [2004]). The willful and contumacious character of the defendants' failure to produce their witnesses for deposition can be inferred from their continuing noncompliance with three court orders direct-

ing their depositions, five adjournments of the scheduled deposition dates in defiance of the orders, and inadequate excuses for their failures to produce their witnesses for deposition (*see Kryzhanovskaya v City of New York,* 31 AD3d 717 [2006]; *Careccia v Metropolitan Suburban Bus Auth.,* 18 AD3d 793 [2005]; *Beneficial Mtge. Corp. v Lawrence,* 5 AD3d 339 [2004]). Accordingly, the court providently exercised its discretion in granting the motion. Miller, J.P., Spolzino, Krausman, Fisher and Dillon, JJ., concur.