■ HOWARD FISHKIN et al., Appellants, v BERT TARAS et al., Respondents. [863 NYS2d 153]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 5, 2006, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' first, second, third, seventh and ninth causes of action, and denied plaintiffs' cross motion to compel discovery, unanimously modified, on the law, the facts, and in the exercise of discretion, the motion denied with respect to the first cause of action and the matter remanded for further proceedings thereon, and otherwise affirmed, without costs.

With one exception, the motion court properly granted defendants summary judgment to the extent indicated in this fee dispute between attorneys, where plaintiffs failed to file retainer statements in compliance with Rules of the Appellate Division, First Department (22 NYCRR) § 603.7 (a) (3), "a prerequisite to receipt of compensation for legal services" (*Rabinowitz v Cousins*, 219 AD2d 487, 488 [1995]). Plaintiffs' belated filing of several of the subject retainer statements was insufficient to preserve their right to recover legal fees. Indeed, the record shows that these statements were only filed in response

to defendants' motion for summary judgment and plaintiffs did not seek permission to file the statements nunc pro tunc. Nor did plaintiffs offer a reasonable excuse for their failure to timely file (*compare Matter of Abreu*, 168 Misc 2d 229, 234 [1996]).

However, with respect to the first cause of action relating to the Brooks case, the record indisputably shows that plaintiff Fishkin filed a retainer statement on October 31, 1994, which was 18 months after he was retained, but only seven days after defendants belatedly filed their own retainer statement in the same matter. While the motion court may have been confused by Fishkin's later nunc pro tunc filing of an *amended* retainer statement in June 2006, we find that, taken together, Fishkin's initial 1994 filing and his 2006 nunc pro tunc filing create a triable issue as to whether there was sufficient compliance with 22 NYCRR 603.7 (a) (3) to permit this action to proceed.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.

Reargument granted, and upon reargument decision and order of this Court entered April 10, 2008 (50 AD3d 400 [2008]) recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied, as indicated.