■ NADEEM MIR et al., Appellants, v ROUAFA SAAD, Respondent. [863 NYS2d 599]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Silverman, J.), dated August 17, 2006, which denied their motion to enlarge the time to file a note of issue and granted the defendant's cross motion pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Bates v Baez*, 299 AD2d 382 [2002]; *Patterson v Greater N.Y. Corp. of Seventh Day Adventists*, 284 AD2d 382 [2001]). In the instant case, the dismissal of the complaint was a provident exercise of discretion. The plaintiffs repeatedly failed to comply with demands and requests for disclosure, ultimately resulting in the entry of a conditional order of preclusion. The plaintiffs thereafter failed to comply with that order.

To avoid the adverse impact of a conditional order of preclusion, the plaintiffs must demonstrate a reasonable excuse for their failure to comply and a meritorious cause of action (*see Calder v Cofta*, 49 AD3d 484, 484-485 [2008]; *Callaghan v Curtis*, 48 AD3d 501, 502 [2008]). The plaintiffs failed to meet that burden.

In light of our determination, we need not reach the plaintiffs' remaining contention. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.