■ In the Matter of the Estate of MARTIN LASSOFF, Deceased. PUBLIC ADMINISTRATOR, as Administrator d.b.n. of the Estate of Martin Lassoff, Deceased, Respondent; MAX COHEN, ESQ., Appellant. [880 NYS2d 231]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered November 5, 2008, which directed respondent-appellant Max Cohen, Esq. to pay to the Public Administrator, on behalf of the estate of Martin Lassoff, $4,370.21 in disbursements and $99,186.74 in legal fees recovered in *Patalano & D'Alessandro v American President Lines, Inc.* and $407 and $210 in disbursements, respectively, and one half of the net contingency fees ultimately obtained in *Hernandez & Reddick v Caring Communities Housing Development Fund Corp.* and *Polichetti v City of New York*, unanimously affirmed, with costs.

Cohen's defense that Lassoff was barred from recovering a portion of the contingency fees because he did not file retainer statements with the Office of Court Administration as required by 22 NYCRR 603.7, was not raised in his answer or before the Surrogate when she granted the Public Administrator's application from the bench, and it is not preserved for our review. Further, Cohen argues only that he "has never been informed or advised" that Lassoff filed retainer agreements. In any event, given Lassoff's age and infirmities, his estate would likely be permitted to file the retainer agreements nunc pro tunc, to preserve its right to recover the fees (*see Matter of Abreu*, 168 Misc 2d 229, 234 [1996]; *compare Fishkin v Taras*, 54 AD3d 260 [2008]).

Cohen's claims that the estate's recovery should be based on quantum meruit due to Lassoff's death is not persuasive. The estate is not seeking to collect the contingency fee from the client. Rather, the estate is seeking to enforce its agreement with Cohen, under which it was to receive 50% of the net contingency fee. As noted above, Cohen did not raise the issue of the enforcement of that agreement before the Surrogate.

We have considered Cohen's other arguments and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Renwick, JJ.