■ Myron Fishbane, Respondent, et al., Plaintiff, v Chelsea Hall, LLC, Defendant, and Chelsea Apartments, LLC, et al., Appellants. [885 NYS2d 718]—

In an action to recover damages for personal injuries, etc., the defendants Chelsea Apartments, LLC, and Apartment Management Associates, LLC, appeal from a judgment of the Supreme Court, Kings County (Levine, J.), dated March 13, 2008, which, upon an order of the same court (Solomon, J.), dated February 7, 2007, granting the plaintiffs' motion to strike their answer for failure to comply with discovery, and an order of the same court (Solomon, J.), dated May 2, 2007, denying their motion for leave to renew and reargue their opposition to the plaintiffs' motion to strike, and upon a jury verdict in favor of the plaintiff Myron Fishbane and against them, finding that he sustained damages in the principal sums of $500,000 for past pain and suffering and $300,000 for future pain and suffering, is in favor of that plaintiff and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and the defendants Chelsea Apartments, LLC, and Apartment Management Associates, LLC, are granted a new trial with respect to damages for past and future pain and suffering unless within 30 days after service upon the plaintiff Myron Fishbane of a copy of this decision and order, that plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting (1) to reduce the verdict as to damages for past pain and suffering from the sum of $500,000 to the sum of $350,000, and (2) to reduce the verdict as to damages for future pain and suffering from the sum of $300,000 to the sum of $200,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Myron Fishbane so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiffs commenced this action to recover damages for a trimalleolar ankle fracture sustained by the plaintiff Myron Fishbane on December 10, 2004 when he allegedly slipped and fell on the steps of a building owned and managed by the defendants Chelsea Apartments, LLC, and Apartment Management Associates, LLC (hereinafter the defendants). In December 2006 the plaintiffs moved to strike the defendants' answer pursuant to CPLR 3126 for failure to comply with court-ordered disclosure, and, after oral argument, the Supreme Court granted the motion. The defendants subsequently moved for leave to renew and reargue the motion, and upon renewal, in effect, to vacate the order striking the answer. The Supreme Court denied the motion for leave to renew and reargue. After a trial on the

issue of damages, the jury awarded the plaintiff Myron Fishbane the sum of $500,000 for past pain and suffering and the sum of $300,000 for 11 years of future pain and suffering.

The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Mir v Saad,* 54 AD3d 914 [2008]; *Bates v Baez,* 299 AD2d 382 [2002]; *Patterson v Greater N.Y. Corp. of Seventh Day Adventists,* 284 AD2d 382 [2001]). Here, contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs' motion to strike the defendants' answer. We decline to consider the defendants' contention that the Supreme Court erred in denying that branch of their motion which was for leave to renew their opposition to the motion to strike their answer, since the issue could have been raised on an earlier appeal that was dismissed for lack of prosecution by decision and order on motion of this Court dated March 4, 2008 (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]).

We do find, however, that the jury verdict awarding damages to the plaintiff Myron Fishbane in the sum of $500,000 for past pain and suffering and $300,000 for future pain and suffering was excessive to the extent indicated herein, as it deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Lowenstein v Normandy Group, LLC,* 51 AD3d 517 [2008]; *Clark v N-H Farms, Inc.,* 15 AD3d 605, 606 [2005]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.