■ STEVE GIANO, ESQ., Respondent, v JOHN IOANNOU, ESQ., Appellant. [911 NYS2d 398]—

In an action, inter alia, to recover legal fees and to recover treble damages for violation of Judiciary Law § 487, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered December 7, 2007, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel disclosure to the extent of, in effect, conditionally striking his answer unless he provided specified disclosure by a date certain, (2) from an order of the same court (Murphy, J.), entered October 16, 2008, which granted the plaintiff's motion, in effect, to strike the answer and to set the matter down for an inquest based upon his failure to comply with the order entered December 7, 2007, (3) from a judgment of the same court (Cozzens, Jr., J.), entered March 24, 2009, which, upon a decision of the same court (Cozzens, Jr., J.), dated December 4, 2008, made after an inquest, finding that the plaintiff sustained damages in the principal sum of $197,054.22 (representing $158,708.22 in legal fees and $38,346 in treble damages for fraudulent disbursements), is in favor of the plaintiff and against him in the principal sum of $197,054.22, and (4) from an order of the same court (Cozzens, Jr., J.), dated May 4, 2009, which, in effect, denied his motion, in effect, pursuant to CPLR 2221 (a) to modify the order dated December 4, 2008, on the ground that the plaintiff was only entitled to 50% of the $158,708.22 in legal fees.

Ordered that the appeals from the orders entered December 7, 2007, and October 16, 2008, are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the cause of action pursuant to Judiciary Law § 487 is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for entry of an amended judgment in accordance herewith; and it is further,

Ordered that the order dated May 4, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the orders entered December 7, 2007, and October 16, 2008, respectively, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff and defendant, both of whom are attorneys, entered into an agreement whereby the plaintiff agreed to refer cases to the defendant who would "process [them] to completion" in exchange for 50% of the fee. The plaintiff became dissatisfied with the defendant's handling of the cases referred to him and brought an action against him alleging, inter alia, breach of contract. The plaintiff sought 100%, rather than 50%, of the fees, and treble damages for violation of Judiciary Law § 487.

As a consequence of the defendant's repeated failure to comply with discovery orders, the Supreme Court granted the plaintiff's motion, in effect, to strike the defendant's answer and set the matter down for an inquest on damages. The Supreme Court awarded the plaintiff 100% of the fees generated by the cases referred to the defendant and treble damages under Judiciary Law § 487 based upon evidence that the defendant had charged the clients for undocumented costs in the cases referred to him.

Due to the defendant's failure to timely challenge the plaintiff's disclosure demands, this Court is limited to considering whether the requested material was privileged or whether the request was palpably improper (see During v City of New Rochelle, N.Y., 55 AD3d 533, 534 [2008]). Nonetheless, we conclude that the material requested by the plaintiff was not privileged and the request was not palpably improper. Moreover, even if the defendant had timely challenged the disclosure demands, the court providently exercised its discretion in ordering the defendant to produce the requested disclosure. " '[A] trial court is given broad discretion to oversee the discovery process' " (Maiorino v City of New York, 39 AD3d 601, 601 [2007], quoting Castillo v Henry Schein, Inc., 259 AD2d 651, 652 [1999]; see Olexa v Jacobs, 36 AD3d 776, 777 [2007]; Byam v City of New York, 68 AD3d 798, 800 [2009]). Since the disputed files were "crucial to the [prosecution] of this action," limiting inspection and copying to the brief period in which the files had already been made available to the plaintiff would have been "overly[ ]restrictive" (Olexa v Jacobs, 36 AD3d at 777).

"The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court" (Fishbane v Chelsea Hall, LLC, 65 AD3d 1079, 1081 [2009]). However, the "sanction of striking a pleading should be imposed only where the failure to comply with court-ordered discovery is shown to be willful and contumacious" (Byam v City of New York, 68 AD3d at 801; see Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726, 726-727 [2008]; Carabello

*v Luna*, 49 AD3d 679 [2008]; *Maiorino v City of New York*, 39 AD3d at 602; *Nunez v City of New York*, 37 AD3d 434 [2007]).

A finding that a party's conduct is willful and contumacious is warranted where that party has "repeated[ly] fail[ed] to comply with court-ordered discovery" and has offered "inadequate explanations for the failures to comply" (*Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 955 [2009] [internal quotation marks omitted]; *see Byam v City of New York*, 68 AD3d at 801; *Nunez v City of New York*, 37 AD3d at 434-435). Here, willful and contumacious conduct was properly inferred from the defendant's persistent failure to comply with proper disclosure demands, including his failure to attend court conferences, his failure to provide adequate responses to written disclosure demands, his untimely and nonspecific objections to disclosure demands, and his failure to appear for court-ordered depositions (*see Byam v City of New York*, 68 AD3d at 801; *Nunez v City of New York*, 37 AD3d at 434-435). Consequently, the Supreme Court providently exercised its discretion in striking the answer.

This Court's rules require every attorney practicing law in the Second Judicial Department who is retained with respect to certain types of actions to file a retainer statement with the Office of Court Administration (hereinafter OCA) within 30 days of being retained (*see* 22 NYCRR 691.20 [a] [1]). Filing a retainer statement with OCA is a prerequisite to receiving a fee for any case to which the regulation applies (*see Micro-Spy, Inc. v Small*, 69 AD3d 687, 689 [2010]; *Rabinowitz v Cousins*, 219 AD2d 487, 488 [1995]). Although nunc pro tunc filing of retainer statements may be sufficient to preserve an attorney's right to recover fees (*see Fuentes v Brookhaven Mem. Hosp.*, 43 AD3d 992, 994 [2007]; *Garrett v New York City Health & Hosps. Corp.*, 25 AD3d 424, 425 [2006]), where the attorney fails to seek leave of court to file the statements nunc pro tunc, that late filing will not be sufficient (*see Fishkin v Taras*, 54 AD3d 260, 260-261 [2008]). Here, the defendant did not obtain leave of court to file the statements nunc pro tunc, and, indeed, filed the statements only after the judgment against him had been entered. Moreover, the defendant failed to present any evidence justifying his failure to comply with these regulations. Under these circumstances, the defendant's belated filing of retainer statements was insufficient to preserve his right to recover a fee (*id.*). Accordingly, the Supreme Court properly awarded the plaintiff 100% of the fees despite the parties' 50%-50% fee-sharing agreement.

Judiciary Law § 487 (1) provides that an "attorney or counselor who: 1. [i]s guilty of any deceit or collusion, or consents to

any deceit or collusion, with intent to deceive the court or any party . . . forfeits to the party injured treble damages, to be recovered in a civil action." The purpose of this section is to protect clients against attorney overreaching and it does not apply in routine fee disputes between attorneys, as here (*see Leskinen v Fusco*, 18 AD3d 387, 389 [2005]; *Liddle & Robinson v Shoemaker*, 276 AD2d 335, 336 [2000]). Accordingly, although the plaintiff was entitled to 100% of the fees at issue, he was not entitled to recover treble damages pursuant to Judiciary Law § 487.

In light of the above, we need not reach the parties' remaining contentions. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.