■ John P. Di Mascio, Respondent, v Neil Friedman, Appellant. [921 NYS2d 538]—

In an action to recover payment for legal services rendered, the defendant appeals from a judgment of the Supreme Court, Nassau County (Parga, J.), entered April 2, 2010, which, upon orders of the same court (1) dated June 1, 2009, granting the plaintiff's motion pursuant to CPLR 3126 to strike the answer for his failure to appear at a deposition, (2) dated October 29, 2009, denying his motion, inter alia, to vacate his default, and (3) dated March 31, 2010, denying his second motion to vacate his default and, after an inquest, is in favor of the plaintiff and against him in the total sum of $95,196.09.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 3126 to strike the answer for the defendant's failure to appear at a deposition is denied, the defendant's motions to vacate his default in appearing for a deposition are denied as academic, and the orders are modified accordingly.

"A court in its discretion may strike the pleading of a party who 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed' " (*Mironer v City of New York*, 79 AD3d 1106, 1107 [2010], quoting CPLR 3126). The record in this case demonstrates that the defendant's failure to appear for a deposition was attributable to the undisputed lengthy and serious illness of his former counsel, and was not willful and contumacious (*see generally LOP Dev., LLC v ZHL Group, Inc.*, 78 AD3d 1020, 1021 [2010]; *Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]). Accordingly, and in view of the strong public policy favoring the resolution of cases on the merits (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d 567, 568 [2007]), the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 3126 to strike the answer. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.