■ JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v TRIANGULO REAL ESTATE CORPORATION, Appellant. [956 NYS2d 915]—

In an action, inter alia, for a judgment declaring a life insurance policy null, void, and rescinded, the defendant appeals, by permission, from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 20, 2011, which, upon a prior order of the same court dated June 6, 2011, which, among other things, granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendant's answer to the extent of directing the defendant to comply with certain discovery demands, and

upon the plaintiff's submission of an "affirmation of non-compliance," granted the plaintiff's application to strike the answer.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's application to strike the defendant's answer, and substituting therefor a provision granting the application to the extent of directing that a negative inference charge be given at trial as to any documents the defendant was legally required to maintain, including payroll and tax records and books and records of account and otherwise denying the application; as so modified, the order is affirmed, without costs or disbursements.

" 'The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court' " (*Giano v Ioannou*, 78 AD3d 768, 770 [2010], quoting *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]; *see Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]; *Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922 [2012]). However, "the 'drastic remedy' of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686 [2011] [citation omitted], quoting *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]; *see Commisso v Orshan*, 85 AD3d 845 [2011]; *Morgenstern v Jeffsam Corp.*, 78 AD3d 913, 914 [2010]; *Giano v Ioannou*, 78 AD3d at 770; *Jenkins v Proto Prop. Servs., LLC*, 54 AD3d 726, 726-727 [2008]; *Carabello v Luna*, 49 AD3d 679 [2008]). Here, the drastic remedy of striking the answer was inappropriate due to the lack of a clear showing that the defendant failed to comply with court-ordered disclosure and that such failure was willful or contumacious. The defendant provided discovery responses in compliance with court-ordered deadlines and there was no finding by the Supreme Court that the defendant acted in a willful or contumacious manner. Accordingly, and in view of the strong public policy favoring the resolution of cases on the merits (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d 567, 568 [2007]), the Supreme Court improvidently exercised its discretion in granting the plaintiff's application to strike the defendant's answer (*see Pierre v 100 Corp.*, 97 AD3d 804 [2012]; *Hoi Wah Lai v Mack*, 89 AD3d 990 [2011]; *Di Mascio v Friedman*, 83 AD3d 993, 994 [2011]).

Nonetheless, many of the documents that the defendant was

required to disclose in discovery, which allegedly were not disclosed because they could not be located by the defendant, are documents which the defendant was legally required to maintain, including payroll and tax records and books and records of account. As to those documents, the appropriate remedy for the defendant's nondisclosure is a negative inference charge at trial (*see Mendez v La Guacatala, Inc.*, 95 AD3d 1084, 1085 [2012]; *Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d 814, 816 [2010]; *Barone v City of New York*, 52 AD3d 630, 631 [2008]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.