Chaim Wolmark, Respondent, 
against
Approved Staffing, LLC, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered December 16, 2014. The order granted plaintiff's motion to strike defendant's answer.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in May of 2013 to recover the sum of $12,558.49, alleging that he had been hired by defendant and had not been paid in full for his services. In an amended answer, defendant denied the material allegations of the complaint and asserted affirmative defenses and 13 counterclaims, alleging, among other things, that plaintiff had taken from defendant at least $71,000 to which plaintiff was not entitled.
After the court directed discovery in January 2014, plaintiff served his demands for disclosure on defendant and sought to schedule depositions. When the time to respond had passed, plaintiff moved, in February 2014, to strike defendant's pleading based on defendant's failure to comply with the court-ordered discovery. By order dated March 6, 2014, the Civil Court granted plaintiff's motion to the extent of directing defendant to, among other things, respond to plaintiff's interrogatories within 60 days. After the time to respond had passed, plaintiff moved again, in May 2014, to strike defendant's pleadings for defendant's failure to comply with the court-ordered discovery. In opposition to the motion, defendant annexed to its papers responses to plaintiff's interrogatories. Plaintiff argued in reply that the responses in defendant's opposition were not "responsive at all." By order dated July 21, 2014, the Civil Court denied the motion to strike and directed defendant to provide specific outstanding discovery within 10 days or else his answer "may" be stricken. Depositions were directed to be held on or before September 19, 2014.
In September 2014, plaintiff again moved to strike defendant's pleadings for failure to comply with the court-ordered discovery. In support of the motion, plaintiff stated that defendant's responses were not sworn to as required by the CPLR and defendant had not responded to counsel's letter objecting to that, and that defendant had failed to respond to his correspondence regarding the scheduling of depositions. In opposition to the motion, defendant's counsel argued, among other things, that he had never received any letters sent by plaintiff because the emails must have gone to his "spam" box and his office never gave him the faxed letters. In reply, plaintiff noted that he had exchanged hundreds of emails with defense counsel throughout the duration of the litigation. By order entered December 16, 2014, the Civil Court [*2]granted plaintiff's motion to strike defendant's answer.
The determination of whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court (see CPLR 3126 [3]; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922 [2012]; Giano v Ioannou, 78 AD3d 768 [2010]; Fishbane v Chelsea Hall, LLC, 65 AD3d 1079 [2009]; Mir v Saad, 54 AD3d 914 [2008]; see also Kihl v Pfeffer, 94 NY2d 118 [1999]). Although striking an answer pursuant to CPLR 3126 is a drastic remedy, it is warranted where a party's conduct is shown to be willful, contumacious or in bad faith (see Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685 [2011]). Here, the fact that defendant's conduct was willful and contumacious can be inferred from defendant's continuous refusal to adequately comply with discovery requests and deposition deadlines, even after being directed to do so by several court orders. Defendant's bad faith can also be inferred from the absence of a reasonable excuse offered for its failure to comply (see Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943 [2012]; Rowell v Joyce, 10 AD3d 601 [2004]).
As we see no basis to disturb the Civil Court's determination, the order is affirmed (see Savin v Brooklyn Mar. Park Dev. Corp., 61 AD3d 954 [2009]; Jaffe v Hubbard, 299 AD2d 395 [2002]; see also Kihl v Pfeffer, 94 NY2d 118).
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: February 05, 2016