Pierre Jean Jacques Renelique, as Assignee of VALERIA NEVMATULINA, Appellant,
against
Lancer Insurance Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered December 11, 2014. The order, insofar as appealed from and as limited by the brief, granted the branch of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3126.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant answered the complaint and served demands for discovery, including a notice to take the deposition of plaintiff. Thereafter, defendant moved, insofar as is relevant to this appeal, to compel plaintiff to provide discovery. Defendant argued in support of its motion that it sought plaintiff's testimony as well as documentary evidence in connection with its defense that plaintiff was ineligible for reimbursement of no-fault benefits. By order entered March 31, 2014, the Civil Court granted defendant's unopposed motion and directed plaintiff to "provide discovery responses to outstanding discovery demands within 60 days." 
When plaintiff's time to respond had passed, defendant moved to dismiss the complaint, pursuant to CPLR 3126, on the ground that plaintiff had failed to comply with the March 31, 2014 order. On September 9, 2014, plaintiff served its opposition to the motion along with written responses to defendant's discovery demands. Plaintiff appeals from an order of the Civil Court, entered December 11, 2014, which, among other things, granted defendant's motion and dismissed the complaint.
The determination of whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the motion court (see CPLR 3126; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922 [2012], Giano v Ioannou, 78 AD3d 768 [2010], Fishbane v Chelsea Hall, LLC, 65 AD3d 1079 [2009]; Mir v Saad, 54 AD3d 914 [2008]; see also Kihl v Pfeffer, 94 NY2d 118 [1999]). Although dismissing a complaint pursuant to CPLR 3126 is a drastic remedy, it is warranted where a party's conduct is shown to be willful, contumacious or in bad faith (see Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685 [2011]). In the case at bar, that plaintiff's conduct was willful and contumacious can be inferred from its refusal to adequately comply with discovery requests, even after being directed to do so by court order, as well as from the absence of a reasonable excuse for its failure to comply (see Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943 [2012]; Rowell v Joyce, 10 AD3d 601 [2004]).
Accordingly, the order, insofar as appealed from, is affirmed. 
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: October 31, 2016