Yaron Cohen, Appellant,
against
Adam L. Zatcoff, Respondent.




William Schwitzer & Associates, P.C. (Howard R. Cohen of counsel), for appellant.
Picciano & Scahill, P.C. (Andrea F. Ferrucci and Frances J. Scahill of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered October 11, 2016. The order granted defendant's motion pursuant to CPLR 3126 (3) to strike the complaint.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in the Supreme Court, Queens County, to recover for personal injuries allegedly sustained in a motor vehicle accident on June 16, 2010. After issue was joined and a motion by defendant for summary judgment dismissing the complaint was denied, the matter was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d). In April 2016, defendant moved in the Civil Court, pursuant to CPLR 3124, to compel plaintiff to provide authorizations for plaintiff's medical records, MRI records and films, "No-Fault file and nonprivileged legal file," pertaining to injuries plaintiff had allegedly suffered in an accident which had occurred on August 1, 2012, after the accident at issue. Plaintiff opposed the motion and attached to his opposition papers documents which had previously been served upon defendant on May 2, 2016, which documents consisted of reports of a physical examination of plaintiff and an MRI of his lumbar spine, and an authorization for the release of information by counsel. On May 11, 2016, the parties entered into a two-attorney, so-ordered (Larry Love, J.) stipulation, which stated that plaintiff was to provide the requested authorizations and records within 45 days of the date of the stipulation. 
When plaintiff's time to supply the discovery documents set forth in the so-ordered stipulation had passed, defendant moved to strike the complaint, pursuant to CPLR 3126 (3), based on plaintiff's failure to provide the discovery. Plaintiff opposed the motion on the grounds that he had served certain documents upon plaintiff on May 2, 2016 and that defendant had failed to properly serve his motion. Plaintiff appeals from an order of the Civil Court (Terrence C. [*2]O'Connor, J.) entered October 11, 2016, which granted defendant's motion, finding that plaintiff had failed to comply with the May 11, 2016 so-ordered stipulation and had failed to offer any excuse for his failure to produce the ordered records.
The determination of whether to strike a pleading for willfully failing to disclose information which should be disclosed lies within the sound discretion of the motion court (see CPLR 3126; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922 [2012]; Giano v Ioannou, 78 AD3d 768 [2010]; Fishbane v Chelsea Hall, LLC, 65 AD3d 1079 [2009]; Mir v Saad, 54 AD3d 914 [2008]; see also Kihl v Pfeffer, 94 NY2d 118 [1999]). Although dismissing a complaint pursuant to CPLR 3126 is a drastic remedy, it is warranted where a party's conduct is shown to be willful, contumacious or in bad faith (see Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685 [2011]). In the case at bar, plaintiff's willful and contumacious conduct can be inferred from his disregarding both defendant's demands for disclosure and the so-ordered stipulation without any excuse, let alone a reasonable excuse (see Commisso v Orshan, 85 AD3d 845 [2011]; Howe v Jeremiah, 51 AD3d 975 [2008]). The disclosure which plaintiff annexed to the opposition papers, served on May 2, 2016, was incomplete, as evidenced by plaintiff's subsequently agreeing to the stipulation which was so-ordered on May 11, 2016. While plaintiff states in his brief that all of the requested disclosure had been mailed to defendant on April 13, 2017, plaintiff fails to support, with admissible evidence, this conclusory statement, and, in any event, this alleged mailing is dehors the record and was after the Civil Court had granted defendant's motion to strike the complaint. Consequently, the Civil Court did not improvidently exercise its discretion in striking the complaint.
Accordingly, the order is affirmed. 
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2019