Kalonarou v G & v Taxi, Inc. (2021 NY Slip Op 50129(U))

[*1]

Kalonarou v G&V Taxi, Inc.

2021 NY Slip Op 50129(U) [70 Misc 3d 141(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1225 Q C

Anna M. Kalonarou, Appellant,
against
G&V Taxi, Inc. and Daoud I. Hari, Respondents, Garna Sahib,
LLC and Tadlaoui Kamal, Defendants. 

Sacco & Fillas, LLP (Aida Zapata and Angel Vitiello of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes of counsel), for
respondents G & V Taxi, Inc. and Daoud I. Hari.
Law Office of Richard A. Reinstein, P.C. (Robert J. Adams, Jr. of counsel) for defendants Garna
Sahib, LLC and Tadlaoui Kamal.

Appeal from an order of the Civil Court of the City of New York, Queens County (John C.V.
Katsanos, J.), entered April 19, 2018. The order (1) denied plaintiff's motion to vacate an order of
that court (Richard Latin, J.) entered October 23, 2017 granting to an extent an unopposed
motion by defendants G & V Taxi, Inc. and Daoud I. Hari to dismiss plaintiff's complaint
for plaintiff's failure to comply with discovery and (2) granted a "cross motion" by those
defendants to dismiss the complaint pursuant to CPLR 3126 (3) with prejudice based on
plaintiff's failure to comply with court-ordered discovery.

ORDERED that the order entered April 19, 2018 is affirmed, without costs.
Plaintiff commenced this action in the Supreme Court, Queens County, to recover for
personal injuries allegedly sustained in a motor vehicle accident on February 2, 2014. The matter
was transferred to the Civil Court, Queens County, on August 9, 2016 pursuant to CPLR 325 (d).
G & V Taxi, Inc. and Daoud I. Hari (defendants) answered the complaint and served
demands for discovery. Following three requests by defendants via letters from their attorney to
plaintiff's attorney that the discovery be provided, defendants moved, insofar as is relevant to this
appeal, to dismiss the complaint pursuant to CPLR 3126 (3) for plaintiff's failure to provide
discovery. In a so-ordered stipulation entered July 6, 2017, signed by plaintiff and defendants, the
Civil Court ordered plaintiff to respond to defendants' discovery requests by August 3, 2017.

When plaintiff's time to respond had passed, defendants again moved to dismiss the
complaint, on the ground that plaintiff had failed to comply with the July 6, 2017 so-ordered
stipulation. Defendants' counsel's affirmation in support of the motion attached two additional
letters sent to plaintiff's attorney in September 2017, each of which stated that plaintiff had not
complied with the July 6, 2017 order and that failure to comply would result in defendants
seeking judicial intervention. 
In an order entered October 23, 2017, the Civil Court granted defendants' motion on default
and, among other things, ordered that plaintiff comply with defendants' discovery demands
within 30 days or the complaint would be dismissed. 
On papers dated March 2, 2018, plaintiff moved to vacate the October 23, 2017 order and
[*2]to restore the action to the Civil Court's calendar, on the
ground that "plaintiff did not receive a copy of this motion and we were not aware of it" until
January 2018. Plaintiff asserted that, on January 23, 2018, she had provided responses to
defendants' discovery demands. Defendants "cross"-moved to dismiss the complaint pursuant to
CPLR 3126. By order entered April 19, 2018, the Civil Court denied plaintiff's motion and
granted defendants' "cross motion." 
The determination of whether to strike a pleading for failure to comply with court-ordered
discovery lies within the sound discretion of the motion court (see CPLR 3126; Orgel v Stewart Tit. Ins. Co., 91 AD3d
922 [2012]; Giano v Ioannou,
78 AD3d 768 [2010]; Fishbane v
Chelsea Hall, LLC, 65 AD3d 1079 [2009]; Mir v Saad, 54 AD3d 914 [2008]; see also Kihl v Pfeffer,
94 NY2d 118 [1999]). Although dismissing a complaint pursuant to CPLR 3126 is a drastic
remedy, it is warranted where a party's conduct is shown to be willful, contumacious or in bad
faith (see Rock City Sound, Inc. v
Bashian & Farber, LLP, 83 AD3d 685 [2011]). In the case at bar, that plaintiff's
conduct was willful and contumacious can be inferred from her repeated refusal to adequately
comply with discovery requests, even after twice having been directed to do so by the court, as
well as from the absence of a reasonable excuse for her failure to comply (see Tos v Jackson Hgts. Care Ctr.,
LLC, 91 AD3d 943 [2012]; Rowell v Joyce, 10 AD3d 601 [2004]; Renelique v Lancer Ins. Co., 53 Misc
3d 145[A], 2016 NY Slip Op 51596[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021