Ochoa v C.I. Lobster Corp.
2026 NY Slip Op 03274
May 26, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anai Hernandez Ochoa, Plaintiff-Appellant,
v
C.I. Lobster Corp. Doing Business as City Island Lobster House et al., Defendants-Respondents.

Decided and Entered: May 26, 2026
Index No. 815200/22|Appeal No. 5717|Case No. 2024-06937|
Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ.

Zieher & Associates, P.C., New York (Maria C. Zieher of counsel), for appellant.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered October 30, 2024, which granted defendants' cross-motion pursuant to CPLR 3126 to strike the pleadings and denied plaintiff's motion to reinstate the action and extend the time to file a note of issue as moot, unanimously reversed, on the law and in the exercise of discretion, defendants' cross-motion denied, and plaintiff's motion to reinstate the action and extend the time to file a note of issue granted, the action reinstated, and the matter remanded for scheduling of a discovery conference and extension of the note of issue deadline, without costs.
The court's April 18, 2023 scheduling order set forth specific deadlines for discovery as well as a note of issue deadline of April 13, 2024. On December 13, 2023, defendants filed a stipulation discontinuing their respective cross-claims. In response, the court erroneously marked this action disposed. After the April 13, 2024 note of issue deadline passed, plaintiff moved on July 1, 2024, to have the matter restored and to extend the time to serve and file the note of issue. Defendants then cross-moved under CPLR 3126 for dismissal, preclusion, or compelled responses to its demands.
"[T]he drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order . . . is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith" (Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011] [internal quotation marks omitted]; see Ellis v Park, 93 AD3d 502, 502-503 [1st Dept 2012]). Willful and contumacious conduct may be shown through "failure to comply with court orders, in the absence of adequate excuses" (Henderson-Jones, 87 AD3d at 504; see Ellis, 93 AD3d at 502-503; Nunez v City of New York, 37 AD3d 434, 434-435 [2d Dept 2007]).
Although "[i]t generally is within the discretion of the motion court to determine the appropriate penalty to be imposed against an offending party" (Reyes v City of New York, 239 AD3d 491, 492 [1st Dept 2025] [internal quotation marks omitted]; see Cespedes v Mike & Jac Trucking Corp., 305 AD2d 222, 222 [1st Dept 2003]), "this Court is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Elizabeth Canal, LLC v Structure Tone Global Servs., Inc., 236 AD3d 582, 583 [1st Dept 2025]; see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]).
[*2]
In light of the court's error in marking this action disposed, as well as the absence of plaintiff's failure to comply with any court orders other than the initial scheduling order, the sanction of striking plaintiff's complaint was unwarranted (see Elizabeth Canal, 236 AD3d at 583; see also Youwanes v Steinbrech, 193 AD3d 492, 493 [1st Dept 2021] ["strong preference in our law that matters be decided on their merits"]; Lee v 13th St. Entertainment LLC, 161 AD3d 631, 632 [1st Dept 2018]). Accordingly, this matter should be restored to the active calendar and remanded for a discovery conference, and Supreme Court should extend the note of issue deadline upon remand.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2026