■ RONALD V. POMERANCE, Appellant, v ROGER PAUL MCTIERNAN, JR., ESQ., Respondent. [859 NYS2d 44]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 30, 2007, dismissing the complaint pursuant to an order, same court and Justice, entered June 13, 2007, which, in an action for defamation between attorneys, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.

The action arises out of statements made by attorney defendant (McTiernan) about attorney plaintiff (Pomerance) in an affidavit McTiernan submitted in support of a motion to quash

subpoenas issued by Pomerance to enforce a judgment in an underlying personal injury action. In that action, Pomerance's firm represented the plaintiff (McCarthy) and McTiernan's firm represented two of the defendants. After entry of the McCarthy judgment, McTiernan proposed to Pomerance that he defer efforts to collect on the judgment until resolution of a third defendant's appeal, against whom McTiernan's clients had been awarded full indemnification. In consideration for that forbearance, McTiernan's clients would waive their right on the appeal to argue against the part of the judgment in favor of McCarthy. McTiernan would also limit his appellate argument to the indemnification issue. Pomerance alleges that, in response to this proposal, he told McTiernan that he was not familiar with applicable law in deferring collection of a sizeable judgment, and that he needed the consent of his client and his partner.

In his affidavit in support of the motion to quash Pomerance's subpoenas, McTiernan contended that Pomerance "said he saw no problem with my proposal but would run it by [his trial counsel, who was not plaintiff's partner], and that I should follow-up with [trial counsel]." McTiernan further asserted that after numerous discussions with trial counsel, the latter accepted the proposal on condition that McTiernan's clients not file any appeal whatsoever.

After reaching an agreement with trial counsel, the subpoenas were served directly on McTiernan's clients. After service of the subpoenas, McTiernan spoke to trial counsel, who said he was unaware of the subpoenas and was "angry and embarrassed" by Pomerance's actions. McTiernan affirmed that "in all my years of practice, I have never encountered such a duplicitous, under-handed, unprincipled and unprofessional act by a member of this bar . . . in breach of an acknowledged agreement, at the embarrassment of his own co-counsel and at the cost of his own professional reputation and integrity." McTiernan demanded that sanctions should be imposed against plaintiff for "outrageous conduct" that, inter alia, "reflects poorly on our entire profession and the integrity of [the] judicial process."

In the complaint and affidavit in opposition to the motion to dismiss, Pomerance alleged that he never told McTiernan to discuss the proposal with trial counsel, who had already been removed from the case; that he never authorized trial counsel to enter into the agreement; and that he had no knowledge of the agreement until after the subpoenas were served. Pomerance contended that he and his partner agreed to the proposal out of concern that "possibly we did inadvertently mislead [defendant]" and "in the interest of professional courtesy." In ad-

dition, Pomerance stressed in his opposition that at no time did McTiernan ever so much as claim to have made any agreement with Pomerance directly or that Pomerance was even aware of McTiernan's agreement with trial counsel prior to Pomerance serving the subpoenas.

Initially, we note that "[i]t is well established that a statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation. (*Youmans v Smith*, 153 NY 214, 219 [1897].) In this seminal case, the Court made clear that the rule rests on the policy that counsel should be able to 'speak with that free and open mind which the administration of justice demands' without the constant fear of libel suits" (*Lacher v Engel*, 33 AD3d 10, 13 [2006], quoting *Youmans*, 153 NY at 223). Furthermore, "[t]he proper inquiry is whether the statements sustained as defamatory by the motion court 'may possibly be pertinent' to the malpractice litigation" (*Lacher*, 33 AD3d at 14, quoting *People ex rel. Bensky v Warden of City Prison*, 258 NY 55, 59 [1932]). The privilege "embraces anything that may possibly be pertinent or which has enough appearance of connection with the case" (*Seltzer v Fields*, 20 AD2d 60, 63 [1963], *affd* 14 NY2d 624 [1964]).

On this CPLR 3211 (a) (7) motion to dismiss, we necessarily accept plaintiff's factual allegations as true. Therefore, we accept that Pomerance never told McTiernan to discuss the matter with the trial counsel. However, we cannot assume that McTiernan believed that trial counsel had not been authorized to enter into the agreement. The offending statements, although clearly reprehensible and possibly deliberately false insofar as they alleged instructions by Pomerance to discuss the matter with trial counsel, were nonetheless pertinent to the motion to quash and therefore absolutely privileged. This is true no matter how great McTiernan's personal malice toward Pomerance (*see Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 172-173 [2007]). The test of pertinence is "extremely liberal"; the offending statements "need be neither relevant nor material to the threshold degree required in other areas of the law, and the barest rationality, divorced from any palpable or pragmatic degree of probability, suffices" (*id.* at 173 [internal quotation marks omitted]; *Lacher*, 33 AD3d at 13). While Pomerance correctly argues that he was not a party to the agreement that was the focus of the motion to quash, McTiernan's statements nonetheless satisfy the "extremely liberal" standard as possessing the "barest rationality." Concur—Tom, J.P., Williams, Catterson and Acosta, JJ.