Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 7, 2012, which granted defendants’ motions and cross motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff and her son, defendant Denis Joseph, have been embroiled in multiple lawsuits involving their claimed interests in a property in Connecticut and a second property in Brooklyn, *442 which is held in the name of defendant Automotive Realty Partners, LLC (ARP). In this defamation action, plaintiff alleges that Denis and his attorney, defendant Arthur Russell, caused ARP to file a complaint in which they unnecessarily included disparaging and false allegations, including, among other things, that plaintiff was a “scorned” woman, had a “maniacal rage,” went into “terroristic binges,” and had lied about her medical condition to secure a court adjournment. ARP’s underlying complaint asserted a single cause of action for intentional interference with an existing contract and sought compensatory and punitive damages.
The court properly concluded that the statements made in the underlying complaint were pertinent to the action and therefore absolutely protected by the judicial proceedings privilege (see Sexier & Warmflash, P.C. v Margrabe, 38 AD3d 163, 171-174 [1st Dept 2007]). The allegedly defamatory allegations were broadly pertinent to the tortious interference claim, as they bore on the mother’s intent, provided the context for the dispute, and supported the claim for punitive damages (see Pomerance v McTiernan, 51 AD3d 526, 528 [1st Dept 2008]). The pertinence of the statements negates any finding of abuse of the judicial proceedings privilege (see Sexter, 38 AD3d at 172; compare Halperin v Salvan, 117 AD2d 544, 548 [1st Dept 1986]). Moreover, the statements were expressions of opinion, not fact, or they constituted hyperbole, which are also absolutely protected (see Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]; see also Farber v Jefferys, 103 AD3d 514, 516 [1st Dept 2013]; Shchegol v Rabinovich, 30 AD3d 311 [1st Dept 2006]).
The court below justifiably found that defendants cannot be held liable for any “media attention” drawn to a news story subsequently published about the allegations in the complaint. None of the defendants had control over the newspaper publishing the article (see Geraci v Probst, 15 NY3d 336, 342 [2010]).
The court properly dismissed plaintiffs remaining causes of action, sounding in intentional infliction of emotional distress, abuse of process, and prima facie tort, since they rest on the same facts and allegations supporting the alleged defamation claim (see Casa de Meadows Inc. [Cayman Is.] v Zaman, 76 AD3d 917, 920-921 [1st Dept 2010]).
Nevertheless, although we affirm, we note our disapproval of defendants’ use of a filed pleading as a vehicle for offensive, albeit nondefamatory invective. Such conduct offends the dignity of judicial proceedings and should not be condoned.
We have considered plaintiffs remaining contentions and find *443 them unavailing. Concur — Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ.