■ Eric Hadar et al., Respondents, v Clay Pierce et al., Appellants, et al., Defendants. [974 NYS2d 399]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 9, 2013, which, to the extent appealed from, denied defendants Clay Pierce and Patterson Belknap Webb & Tyler LLP's motion to dismiss the complaint as against them, unanimously reversed, on the law, with costs, the motion granted, and the complaint dismissed as against those defendants. The Clerk is directed to enter judgment accordingly.

The first through fourth causes of action are based on the purportedly false statements made in the complaint in a prior Supreme Court action and the petition in a Surrogate's Court proceeding, both of which were signed by defendants. These statements are absolutely privileged because they were pertinent to the respective litigations (*Pomerance v McTiernan*, 51 AD3d 526, 528 [1st Dept 2008]). The allegations that Eric Hadar (a defendant in the prior action and a plaintiff in the instant case) had neglected his management duties and charged inflated fees were pertinent to a litigation that accused him of breach of fiduciary duty and breach of contract, sought his removal as managing partner, managing member, and general partner, and sought an accounting. Similarly, the allegations in the Surrogate's Court proceeding that Eric had wasted trust assets through self-dealing and mismanagement were pertinent to a litigation that sought to remove him as a trustee.

Contrary to plaintiffs' contention, the prior proceedings— which, we note, were not commenced by defendants, who were but counsel to the litigants—were not a sham, i.e., instituted for the sole purpose of defaming Eric (*see Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 172 n 5 [1st Dept 2007]). The

complaint in the case at bar alleges that Eric's father, Richard Hadar, instigated the prior proceedings to seize control of certain real estate assets and/or gain leverage to extort concessions from Eric.

The judicial proceedings privilege applies to causes of action other than defamation (*see e.g. Joseph v Joseph*, 107 AD3d 441 [1st Dept 2013]; *Fletcher v Dakota, Inc.*, 99 AD3d 43, 54 [1st Dept 2012]; *Casa de Meadows Inc. [Cayman Is.] v Zaman*, 76 AD3d 917, 920-921 [1st Dept 2010]). However, it does not apply to the sixth cause of action, which alleges malpractice, because the gravamen of the malpractice claim is that defendants failed to exercise the skill, prudence, diligence, and care expected of members of the legal profession. Nevertheless, the malpractice cause of action does not plead in sufficient detail that defendants colluded with Richard as required in order to sustain a malpractice cause of action in the absence of privity (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]; *Griffith v Medical Quadrangle*, 5 AD3d 151 [1st Dept 2004]).

The judicial proceedings privilege does not apply to the seventh cause of action, which alleges malicious prosecution, because that cause of action, by definition, involves a prior proceeding (*see e.g. Colon v City of New York*, 60 NY2d 78 [1983]). However, the malicious prosecution claim should be dismissed because defendant Robert Weir had probable cause to bring the Surrogate's Court proceeding, which sought, inter alia, to remove Eric as a trustee (*see Butler v Ratner*, 210 AD2d 691, 693 [3d Dept 1994], *lv dismissed* 85 NY2d 924 [1995]). One of the grounds on which Weir sought Eric's removal was his possession of a controlled substance, for which he subsequently pleaded guilty (*see* SCPA 719 [1]; 711 [2]).

If appellants had raised this argument below, Eric would not have been able to counter it (*see generally Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408 [1st Dept 2009]). It is undisputed that he suffers from substance abuse, was arrested for drug possession and pleaded guilty to attempted criminal possession of a controlled substance in the third degree (a class C felony), and that his negotiated sentence included some incarceration.

The eighth cause of action, which alleges tortious interference with prospective economic relations, is based on a March 11, 2009 letter that defendant Pierce wrote to nonparty Samuel Ross (counsel for certain limited partners of nonparty Lawrence One, L.P.). Even if the letter is not covered by the judicial proceedings privilege (a question we need not decide), the tor-

tious interference claim should be dismissed because the complaint fails to allege that but for defendants' wrongful conduct plaintiffs would have entered into an economic relationship (*see Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266 [1st Dept 2002]). Rather, it alleges that the outside partners of Lawrence One, L.P. were too wary of crossing Richard (who had a reputation for bare-knuckles litigation) to proceed with the sale of their limited partnership interests to Eric and his trust. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.
[**Prior Case History: 2013 NY Slip Op 30185(U).**]