■ ERIC D. HADAR et al., Respondents, v CLAY PIERCE et al., Defendants, and MICHAEL ROSENBAUM, Appellant. [983 NYS2d 785]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 9, 2013, which, to the extent appealed from, denied defendant Michael Rosenbaum's motion to dismiss the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The second through fourth causes of action in the complaint are based on the purportedly false statements made in the course of preparing a complaint filed in a prior Supreme Court action and in the complaint itself. Those causes of action have been dismissed as against Rosenbaum's codefendants, lawyers who represented other parties in the underlying action, based on the judicial proceedings privilege, because the alleged false statements were pertinent to that litigation and a Surrogate's Court proceeding, which this Court found were not shams (*Hadar v Pierce*, 111 AD3d 439 [1st Dept 2013] [*Hadar I*]; *and see Pomerance v McTiernan*, 51 AD3d 526 [1st Dept 2008]). As we stated, the allegations that Eric Hadar (a defendant in the prior action and a plaintiff in the instant case) was allegedly falsely accused of mismanagement, self-dealing, financial improprieties, and other misconduct were pertinent to a prior action that charged him with a breach of his fiduciary duty by

mismanaging corporate assets through nonfeasance, neglect, frequent absence and lapses of judgment, misuse of corporate assets, and overcharging of management fees (*see Hadar I*, 111 AD3d at 439).

The privilege also applies to the fifth cause of action, which alleges defamation. Plaintiffs contend that they pleaded distinct allegations as against Rosenbaum that are outside the scope of the privilege, but those allegations also pertain to conduct undertaken by Rosenbaum as counsel for Eric's father, Richard Hadar, in preparation for the litigation, and they are insufficient to distinguish the claims against him from those against the Patterson defendants (*see Hadar I*, 111 AD3d at 439; *Art Capital Group, LLC v Neuhaus*, 70 AD3d 605 [1st Dept 2010]). Although Rosenbaum only argued that the defamation claim should be dismissed on the ground of the judicial proceedings privilege, our prior decision is controlling here, pursuant to the doctrine of stare decisis, and, under the circumstances, the issue can be raised for the first time on appeal (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1st Dept 1996], *lv denied* 88 NY2d 811 [1996]). Concur—Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.