Rondeau v Houston (2024 NY Slip Op 00987)

Rondeau v Houston

2024 NY Slip Op 00987

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rosado, JJ. 

Index No. 159541/14, 151239/15 Appeal No. 1736-1737 Case No. 2022-05828, 2022-05829 

[*1]Arthur E. Rondeau, Plaintiff-Appellant,
v
Allan Houston, et al., Defendants-Respondents.
Arthur E. Rondeau, Plaintiff-Appellant,
v
James Dolan, et al., Defendant-Respondent.

Arthur E. Rondeau, appellant pro se.
Shapiro Arato Bach LLP, New York (Cynthia S. Arato of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered on or about September 15, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss, with prejudice, the claims in plaintiff's two actions captioned Rondeau v Houston (Sup Ct, NY County, index No. 159541/2014) (the third action) and Rondeau v Dolan (Sup Ct, NY County, index No. 151239/2015) (the fourth action), and granted defendants' motion for sanctions to the extent of enjoining plaintiff from commencing any further actions against defendants or any other individual or entity arising out of or concerning his prior lawsuits against defendants without prior written approval of the court, unanimously affirmed, with costs.
The doctrine of res judicata applies to preclude plaintiff's claims asserted in the third action, as those claims arise out of the same transaction or series of transactions that were brought to a final conclusion in the first action by plaintiff against, among others, defendant Allan Houston (Rondeau v Houston, 2013 NY Slip Op 33363[U] [Sup Ct, NY County 2013], affd 118 AD3d 638 [1st Dept 2014], lv dismissed 24 NY3d 999 [2015]; see In re Hunter, 4 NY3d 260, 269 [2005]; Pitcock v Kasowitz, Benson, Torres & Friedman, LLP, 80 AD3d 453, 454 [1st Dept 2011], lv denied 16 NY3d 711 [2011]). Furthermore, in the third action, plaintiff failed to state a cause of action for fraud, as he did not sufficiently allege out-of-pocket losses that stemmed from any alleged fraud, but rather, asserted only speculative losses (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
Supreme Court also properly dismissed the fourth action. The defamation claim in that action, allegedly arising out of statements by defendants and their counsel in a brief that they filed in an appeal before this Court, is without merit. Defendants' characterization of plaintiff's conduct in pursuing the litigation against them constituted advocacy in the course of judicial proceedings and, as such, the challenged statements were privileged (see Rondeau v Houston, 118 AD3d 638, 639 [1st Dept 2014], lv dismissed 24 NY3d 999 [2014], citing Pomerance v McTiernan, 51 AD3d 526, 528 [1st Dept 2008]).
Similarly, Supreme Court providently dismissed plaintiff's Judiciary Law § 487 claim in the fourth action. The record presents no evidence that defendants' counsel intended to deceive this Court when they offered a characterization of plaintiff's claims and his conduct in the litigation (see e.g. Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491 [1st Dept 2014], lv dismissed 25 NY3d 985 [2015]).
Sanctions were appropriately awarded in light of plaintiff's extensive history of frivolous and vexatious litigation in this matter (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024