■ In the Matter of the Estate of SAMUEL SEIGEL, Deceased. LEWIS J. SIMS, Respondent; STEWART T. SCHANTZ, Appellant. [754 NYS2d 300] —In a proceeding pursuant to SCPA 2110 to fix an attorney's fee, the appeal, as limited by the appellant's brief, is from so much of a decree of the Surrogate's Court, Dutchess County (Pagones, S.), dated November 1, 2001, as fixed the attorney's fee at $2,000, and directed that all moneys paid to the appellant and in his possession in excess of that amount, consisting of the sum of $50,500, be refunded to the estate.

Ordered that the decree is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the second, third, and fourth decretal paragraphs are deleted therefrom, and the matter is remitted to the Surrogate's Court, Dutchess County, for a de novo determination of the fees owing to the appellant consistent herewith.

The petitioner, the executor of the estate of Samuel Seigel, hired the appellant, Stewart T. Schantz, Esq., to bring a legal malpractice action on behalf of the estate against the estate's former counsel for errors committed in the prosecution of mortgage foreclosure actions regarding property upon which the estate held mortgages. According to his contingent fee retainer agreement, the appellant's fee was to be one third of "any recovery received by the Client, whether it is in the form of cash, or the value of any property which may be received." The appellant also charged the petitioner a $2,000 fee for an opinion letter. After commencing the legal malpractice action, the estate's former counsel corrected its errors, and clear title to the property was conveyed to the estate. The legal malpractice action was settled for $68,500. The appellant retained approximately one third of the settlement proceeds. He subse-

quently claimed entitlement to one third of the value of the property in question.

The Surrogate erred in concluding that the failure of the appellant to file a retainer statement with the Office of Court Administration precluded him from recovering a fee. The estate's claim of legal malpractice was not an "action or claim for damages for personal injury or for property damages, or for death or loss of services resulting from personal injuries" (22 NYCRR 691.20 [a] [1]). Consequently, the appellant is entitled to be compensated for his services in prosecuting the malpractice action on behalf of the estate.

However, contrary to the appellant's contention, the provision of the retainer agreement upon which he relies applies to cash or property recovered by the estate. An increase in the value of property which was already in the possession of the estate when the petitioner consulted the appellant does not constitute a recovery, notwithstanding that the appellant may have been instrumental in obtaining the increase in its value. To the extent that the provision is ambiguous, it must be construed against the attorney and in favor of the client (*see Jacobson v Sassower,* 66 NY2d 991, 993; *Trief v Elghanayan,* 251 AD2d 123; *Matter of Bizar & Martin v U.S. Ice Cream Corp.,* 228 AD2d 588, 589).

Accordingly, we remit the matter to the Surrogate's Court, Dutchess County, for a determination of whether a fee of one third of the settlement proceeds would constitute reasonable compensation for the appellant's services in prosecuting the malpractice action on behalf of the estate (*see Matter of Smolley,* 188 AD2d 535, 537-538; *Matter of Gasco,* 27 AD2d 557, 558). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.