■ BEVERLY GARRETT, Plaintiff, v NEW YORK CITY HEALTH & HOSPITALS CORP. et al., Defendants. RHONA SILVERMAN, ESQ., Appellant-Respondent; BRUCE G. CLARK & ASSOCIATES, P.C., Respondent-Appellant. [808 NYS2d 196]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered July 26, 2004, which apportioned 60% of the subject contingency fee to plaintiff's incoming attorney, and 40% to the outgoing attorneys, unanimously affirmed, without costs.

Contrary to the contention of the incoming attorney, the outgoing attorneys were the attorneys of record from December 1989 until their discharge in July 2001. This is evidenced by the fact that on December 12, 1989, plaintiff and the outgoing attorneys (then incoming) executed a notarized consent to change attorney form which clearly indicated that the outgoing attorneys were substituted as attorneys of record for plaintiff in

this dental malpractice litigation. Although the outgoing attorneys failed to timely file an OCA retainer statement, their filing of a retainer statement nunc pro tunc, was sufficient to preserve their right to recover legal fees otherwise earned (*see e.g. Warren v Meyers*, 187 Misc 2d 668, 672 [2001]).

The motion court properly exercised its discretion in apportioning the attorneys' fees. The case remained with the outgoing attorneys for seven or eight years, and although the firm took steps to move the matter towards resolution, it was not until the matter was transferred to the incoming attorney, a former employee of the outgoing firm, that it was vigorously prosecuted and made ready for trial (*see Ebrahimian v Long Is. R.R.*, 269 AD2d 488 [2000]). Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.