■ Carmen Fuentes et al., Plaintiffs, v Brookhaven Memorial Hospital et al., Defendants. Pulvers Pulvers & Thomp-

son, LLP, Nonparty Appellant; RAPPAPORT GLASS GREENE & LE-VINE LLP, Nonparty Respondent. (And a Third-Party Action.) [843 NYS2d 639]—

In an action to recover damages for medical malpractice, the nonparty Pulvers Pulvers & Thompson, LLP, former counsel to the plaintiff Carmen Fuentes, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated May 31, 2006, as granted that branch of the motion of the nonparty Rappaport Glass Greene & Levine LLP, current counsel to the plaintiff Carmen Fuentes, which, in effect, was to preclude its entitlement to an award of an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which, in effect, was to preclude the nonparty appellant's entitlement to an award of an attorney's fee is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the proportionate amount of the total attorney's fee to be awarded to the nonparty appellant.

On or about August 28, 1992 the plaintiff Carmen Fuentes (hereinafter the plaintiff) retained Carl Maltese to commence a medical malpractice action against Dr. Erol Caypinar and Brookhaven Memorial Hospital (hereinafter the hospital). The retainer did not contain Maltese's name, was not signed by the plaintiff Eric Embro, and provided for a 33¹/₃ percent legal fee. Maltese filed a retainer statement with the Office of Court Administration (hereinafter OCA) and thereafter retained the nonparty appellant, Pulvers Pulvers & Thompson, LLP (hereinafter the appellant), as trial counsel. The appellant commenced the action by filing a summons and complaint and prosecuted it through the filing of the note of issue and pretrial preparations.

On May 15, 1997 the action against Dr. Caypinar was dismissed for Maltese's failure to have filed a notice of claim. Thereafter the Supreme Court granted the hospital's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it on the ground that the hospital's liability was only vicarious and thus the dismissal against the physician

required dismissal of the action against the hospital. On behalf of the plaintiff, the appellant filed a notice of appeal from the order granting the hospital's motion but did not take any further action on the appeal. The plaintiff subsequently retained the nonparty Rappaport Glass Greene & Levine LLP (hereinafter Rappaport), to prosecute a legal malpractice action against Maltese. Counsel for Maltese's legal malpractice insurance carrier thereafter perfected and prosecuted the appeal from the order granting the hospital's motion in the medical malpractice action. On August 9, 2004 this Court reversed that order and the medical malpractice action was reinstated against the hospital (*see Fuentes v Brookhaven Mem. Hosp.*, 10 AD3d 384 [2004]). Rappaport then prosecuted the revived medical malpractice action until it was settled on June 17, 2005 leading to this dispute between Rappaport and the appellant concerning disbursement of the legal fees earned.

On July 1, 2005 Rappaport moved, inter alia, in effect, to preclude the entitlement of the plaintiff's prior attorneys to an award of an attorney's fee with respect to their representation of the plaintiff in the medical malpractice action. The appellant claimed it was entitled to a portion of the fees earned pursuant to Judiciary Law § 475, while Maltese did not assert any claim to the fee. In the order appealed from, the Supreme Court determined, among other things, that the appellant was not entitled to a share in the fees on the ground that it was operating under Maltese's unenforceable "blank" retainer agreement. We reverse the order insofar as appealed from.

The appellant has a statutory lien pursuant to Judiciary Law § 475 against the settlement obtained in the underlying action since it was an "attorney of record" (*see Russell v Zaccaria*, 8 AD3d 255 [2004]). It is undisputed that the appellant filed the summons and complaint and thereafter prosecuted the action to the point of trial (*see Rodriguez v City of New York*, 66 NY2d 825, 827 [1985]; *Wahba v S.I. Parmar*, 1 AD3d 507, 508 [2003]). "Although portions of the retainer agreement were left blank, those portions are not the subject of dispute" (*Miszko v Gress*, 4 AD3d 575, 579 [2004]), and thus the missing information does not bar recovery of a fee. Although the subject retainer agreement failed to identify the attorney being retained, the plaintiff does not dispute that she retained Maltese or that the appellant handled the case through the filing of the note of issue and pretrial preparations. Moreover, the appellant did file a retainer statement, albeit late, with the OCA which was sufficient under the circumstances to preserve its right to recover a share of the fee (*see Garrett v New York City Health & Hosps. Corp.*, 25 AD3d 424 [2006]).

Accordingly, we remit this matter to the Supreme Court, Suffolk County, for a determination of the proportionate amount of the total attorney's fee to be awarded to the appellant (*see Tutarashvili v Barzilay*, 39 AD3d 851 [2007]; *Smerda v City of New York*, 7 AD3d 511, 512-513 [2004]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.