■ MICRO-SPY, INC., et al., Respondents, v MARIETTA SMALL, Defendant. ERNEST HAMMER, Nonparty Appellant. [893 NYS2d 187]—

The nonparty appellant, Ernest H. Hammer, is the attorney of record for the plaintiffs in this action to recover damages for property and economic damages sustained· by the corporate plaintiff, and to recover damages for personal injuries sustained by the individual plaintiffs resulting from a December 24, 1998, automobile accident caused by the defendant's decedent, Walter R. Willis. The appellant contends that the plaintiffs retained him in September 2001 and, thereafter, he petitioned for the appointment of an administrator for the decedent's estate, commenced the instant action, successfully appealed the Supreme Court's dismissal of the action to this Court (*see Micro-Spy, Inc. v Small*, 9 AD3d 122 [2004]), and, after the defendant defaulted, in May 2005, ultimately settled the matter on behalf of the plaintiffs for the sum of $110,000.

The appellant concedes that at no time did he enter into a written retainer agreement with the plaintiffs or file a contingency fee agreement with the Office of Court Administration (hereinafter OCA) pursuant to 22 NYCRR 691.20 (a) (1). In July 2008, the appellant moved to fix the amount of his legal fees and expenses in the principal sum of one third of the amount recovered plus the sum of $15,000 for prosecution of the appeal, and to impose a charging lien in the amount of such fees against the settlement proceeds. The Supreme Court denied his motion "with prejudice," and the appellant thereafter moved, in effect, for leave to reargue on the ground that the

denial of his motion should have been without prejudice to any right to commence a separate plenary action against the plaintiffs herein to recover any legal fees due and owing to him. The Supreme Court denied that motion.

As it is undisputed that the appellant did not comply with 22 NYCRR 691.20 (a) (1), pursuant to which attorneys must file retainer agreements with the OCA in, inter alia, actions to recover damages for personal injuries and property damage, he is not entitled to recover a contingency fee (*cf. Fuentes v Brookhaven Mem. Hosp.*, 43 AD3d 992, 994 [2007]; *Matter of Seigel*, 300 AD2d 668, 669 [2002]).

However, under the circumstances, the appellant may be entitled, in a separate plenary action, to recover, in quantum meruit, for the reasonable value of his services (*see Law Off. of Howard M. File, Esq., P.C. v Ostashko*, 60 AD3d 643 [2009]; *Haser v Haser*, 271 AD2d 253, 255 [2000]; *Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 218-219 [1997]). We take no position on the merits of such an action. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.