11-3272-cv(L)
*Oneida Indian Nation of N.Y. State v. Cnty. of Oneida*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         DENNY CHIN,
                  *Circuit Judges*,
         DAVID G. LARIMER,
                  *District Judge.*[*]

_____

ONEIDA INDIAN NATION OF NEW YORK STATE,
AKA ONEIDA INDIAN NATION OF NEW YORK,
AKA ONEIDA INDIANS OF NEW YORK, ONEIDA
INDIAN NATION OF WISCONSIN, AKA ONEIDA
TRIBE OF INDIANS OF WISCONSIN,

                  *Plaintiffs-Appellees*,

ONEIDA OF THE THAMES COUNCIL,

                  *Plaintiff*,

THAMES BAND OF CANADA (ONEIDA),

                  *Plaintiff-Counter Defendant*,

UNITED STATES OF AMERICA, NEW YORK

_____

[*] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

BROTHERTOWN INDIAN NATION, BY MAURICE "STORM" CHAMPLAIN, VICE CHIEF,

                    *Intervenor Plaintiffs*,

        -v.-                                    11-3272-cv (Lead)
                                                11-3275-cv (Con)

BOND SCHOENECK & KING, PLLC,

                    *Appellant*,

COUNTY OF ONEIDA, NEW YORK, COUNTY OF MADISON, NEW YORK,

                    *Defendants-Third-Party Plaintiffs*,

STATE OF NEW YORK,

                    *Defendants-Counter Claimants*.

FOR APPELLANT:              Hermes Fernandez, Arthur J. Siegel, Clifford G. Tsan, Bond, Schoeneck & King, PLLC, Albany, NY.

FOR PLAINTIFFS-APPELLEES:   Michael R. Smith, David A. Reiser, Zuckerman Spaeder LLP, Washington, DC; Arlinda F. Locklear, Washington, DC.

    Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*; Treece, *M.J.*).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the decision and order of the United States District Court for the Northern District of New York is **AFFIRMED.**

Appellant Bond, Schoeneck & King, PLLC ("BSK") appeals from a decision and order of the United States District Court for the Northern District of New York (Kahn, *J.*; Treece, *M.J.*), granting BSK's motion to have the court recognize its fee pursuant to a retainer agreement with Plaintiffs-Appellees Oneida Indian Nation of New York and Oneida Indian Nation of Wisconsin ("Oneidas"). The district court adopted Magistrate Judge Treece's report-recommendation and order in its entirety and awarded BSK $5,174 for its twelve-year representation of the Oneidas. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews a district court's decision as to the amount of an attorneys' fee award for abuse of discretion. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 105 (2d Cir. 2012). On appeal, BSK

principally argues that the district court erred by calculating its fee as a percentage of the Oneidas' final damages award instead of assessing the fee via principles of quantum meruit.[1]  In the alternative, BSK argues that any percentage-based fee should be applied to the Oneidas' total "amounts recovered," including the Oneidas' successful ventures that followed from BSK's Supreme Court victory establishing federal jurisdiction over the Oneidas' land claims.  *See Oneida Indian Nation of N.Y. State v. Cnty. of Oneida*, 414 U.S. 661 (1974).  We affirm for reasons given by the district court.

In 1966, BSK agreed to represent the Oneidas in pursuit of their land claims against New York State and its political subdivisions.  BSK drafted a retainer agreement to that effect.  As approved by the Secretary of the Interior (pursuant to 25 U.S.C. § 81), the amended agreement provides BSK a fee of twenty per cent of the first million dollars in "amounts recovered" by the Oneidas and ten per cent of any additional recovery.  In the event that the representation terminated prematurely, the amended agreement entitles BSK

---

[1] BSK waived its argument that the firm is entitled to prejudgment interest by failing to object to Magistrate Judge Treece's report-recommendation on this ground.  *See Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

to "such share in the attorney fee as the court or tribunal finally determining the Oneidas' claim may determine to be equitable." BSK successfully represented the Oneidas through 1978, at which time the firm withdrew due to a conflict of interest: the Oneidas sought to commence actions for ejectment against private landowners, a group which included some BSK attorneys, their families and their clients.

Prior to the conclusion of the Oneidas' litigation over its land claims in January 2011, BSK moved for the court to recognize its right to a fee pursuant to the retainer agreement. Magistrate Judge Treece determined that the retainer agreement controlled and that BSK was entitled to an "equitable share in the attorney fee" the firm would have received had it stayed with the representation through 2011 – the contingency fee. The court reduced BSK's fee by fifty per cent in light of the firm's withdrawal from the representation in 1978, more than thirty years before its conclusion, and further reduced the remaining share by ten per cent due to BSK's improper representation of conflicting interests with respect to its former client post-1978. The court awarded BSK $5,174, equivalent to nine per cent of the

Oneidas' $57,494 recovery from the two cases BSK brought on the Oneidas' behalf.

Magistrate Judge Treece correctly determined that the retainer agreement entitles BSK to an equitable share in the contingency fee the firm would have received absent withdrawing from the representation. Even if we were to read this language as ambiguous, both extrinsic evidence and public policy considerations compel the same result. *See*, *e.g.*, *Shaw v. Mfrs. Hanover Trust Co.*, 499 N.E.2d 864, 866 (N.Y. 1986) (placing the burden on attorneys to ensure clarity in contingent fee arrangements). This is particularly so in light of the fact that it was apparently BSK that drafted the Retainer Agreement. *See RLS Assocs., LLC v. United Bank of Kuwait PLC*, 380 F.3d 704, 712 (2d Cir. 2004).

For similar reasons, we reject BSK's alternative argument that the "amounts recovered" from which it derives its share include more than monetary damages. *See Matter of Seigel*, 754 N.Y.S.2d 300, 301 (2d Dep't 2002). The retainer agreement provides for BSK to recover a percentage of "amounts recovered by the Nation from the State of New York" or other governmental bodies, "on account of [a] claim" in

connection with which BSK represented the Oneidas or rendered them advice. There is no suggestion in that language that BSK's fee could be based on the Oneidas' business revenues, simply because those revenues arguably have some attenuated relationship with BSK's prior representation. This conclusion is buttressed by the fact that BSK's representation of the Oneidas could not have extended to seeking restoration of title to Indian lands because of the firm's underlying ethical conflict. The court did not abuse its discretion in calculating BSK's fee pursuant to the retainer agreement; an evidentiary hearing was not necessary for the court to interpret the plain language of the agreement.

For the foregoing reasons, the decision and order of the district court is hereby **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk