65 A.3d 254

IN THE MATTER OF FENG LI, AN ATTORNEY
AT LAW (ATTORNEY NO. 007892004).

May 22, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–310, recommending that **FENG LI** of **PARSIPPANY,** who was admitted to the bar of this State in 2004, be disbarred for violating *RPC* 1.5(c) (failing to provide an accounting of disbursed funds), *RPC* 1.15(a)(knowing misappropriation of client funds), *RPC* 1.15(c) (failing to segregate disputed funds), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and the principles of *In re Wilson,* 81 *N.J.* 451, 409 *A.*2d 1153 (1979);

And **FENG LI** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court finding in its independent review of the matter that (1) the written fee agreement with respondent's clients did not authorize the $1.2 million fee respondent took, (2) respondent wrote to his clients suggesting that he would charge additional fees and potentially inform authorities about alleged misrepresentations at trial unless the clients abandoned their challenge to his fee, and (3) respondent deliberately deposited the unauthorized fee in his children's bank accounts and wired the funds for his personal use to China, where they could not be retrieved, after he had been sued;

And the Court determining on the basis of these findings and others made by the Disciplinary Review Board that respondent lacked a reasonable, good-faith belief of entitlement to the disputed funds and that his use of the contested funds therefore constituted a knowing misappropriation of client funds for which disbarment is required;

And good cause appearing;

It is ORDERED that **FENG LI** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that **FENG LI** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by **FENG LI** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.