In an action to recover damages for medical malpractice, nonparty Adam D. Glassman appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 25, 2012, which granted the motion of nonparty Steven S. Siegel for leave to file a retainer statement pursuant to 22 NYCRR 691.20 (a) (3), nunc pro tunc.
Ordered that the order is affirmed, with costs.
The nonparty appellant, Adam D. Glassman, is the attorney of record for the plaintiff in this action to recover damages for medical malpractice. On or around March 28, 2011, Glassman retained the nonparty respondent, Steven S. Siegel, on a contingent fee basis to act, in effect, as trial counsel. At no time did Siegel file a written statement of this retainer agreement with the Office of Court Administration (hereinafter the OCA) pursuant to 22 NYCRR 691.20 (a) (3). On or about June 16, 2011, this action was settled, and a legal fee was paid to Glass-man, who in turn paid a portion of the fee to Siegel. Siegel contends that Glassman breached the retainer agreement by *1056 paying him an insufficient portion of the fee. In December 2011, after the attorneys were unable to amicably resolve their dispute, Siegel, as a precursor to the commencement of a separate plenary action against Glassman to recover any legal fees due and owing to him, moved in this action for leave to file a retainer statement pursuant to 22 NYCRR 691.20 (a) (3), nunc pro tunc. The Supreme Court granted the motion, and Glass-man appeals.
Every attorney practicing law in the Second Judicial Department who is retained with respect to, inter alia, a medical malpractice action must file a retainer statement with the OCA within 30 days after being retained (see 22 NYCRR 691.20 [a] [1]; Giano v Ioannou, 78 AD3d 768, 771 [2010]). Additionally, every “attorney retained by another attorney, on a contingent fee basis, as trial or appeal counsel or to assist in the preparation, investigation, adjustment or settlement of any such action, claim or proceeding shall, within 15 days from the date of such retainer, sign personally and file with the [OCA] a written statement of such retainer” (22 NYCRR 691.20 [a] [3]). Filing a retainer statement with the OCA is a condition precedent to the receipt of a fee for any case to which 22 NYCRR 691.20 applies (see Giano v Ioannou, 78 AD3d at 771; Micro-Spy, Inc. v Small, 69 AD3d 687 [2010]). Attorneys failing to correctly file a retainer statement with the OCA pursuant to 22 NYCRR 691.20 are precluded from asserting breach of contract causes of action for outstanding fees, and are limited to suit in quantum meruit (see Micro-Spy, Inc. v Small, 69 AD3d at 689; Henry v Brenner, 271 AD2d 647 [2000]). However, a late filing of a retainer statement is sufficient to preserve an attorney’s right to recover fees where that attorney first obtains leave of court to file the statement nunc pro tunc (see Giano v Ioannou, 78 AD3d at 771; Fuentes v Brookhaven Mem. Hosp., 43 AD3d 992, 994 [2007]).
In exercising its discretion to extend the time to file the subject retainer statement pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the person opposing the motion (see Tewari v Tsoutsouras, 75 NY2d 1, 11-12 [1989]). Here, the reason for the delay, in effect, Siegel’s law office failure, was an isolated, inadvertent mistake (see Chery v Anthony, 156 AD2d 414 [1989]; Matter of Abreu, 168 Misc 2d 229, 234 [Sur Ct, Bronx County 1996]), and there is no prejudice to Glass-man, as the remaining contractual contentions will be resolved in connection with any separate plenary action that may be commenced. Accordingly, the Supreme Court providently exercised its discretion in permitting the filing of a retainer *1057 statement nunc pro tunc by extending the time to do so for “good cause” shown (CPLR 2004; see Matter of Abreu, 168 Misc 2d at 231). Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.