**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3738
_____

IN RE: FENG LI,

Debtor


FENG LI and KENNETH ELLMAN,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 3-14-cv-00538)
District Judge: Honorable Freda L. Wolfson

_____


Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

(Opinion filed: June 10, 2015)


Before: RENDELL, HARDIMAN, and VANASKIE, Circuit Judges

_____

O P I N I O N*

_____

**RENDELL**, Circuit Judge:

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Feng Li and Kenneth Ellman appeal from an order of the District Court affirming the Bankruptcy Court's grant of summary judgment to Appellees[1] denying Li a discharge in his bankruptcy proceeding. We will affirm the District Court.

## I. Background

Appellees retained Li to represent them, on a contingency fee basis, in a New York state lawsuit. Appellees won their lawsuit and were awarded a $3.5 million dollar judgment, including prejudgment interest. Because of the duration of the dispute, more than half of the award constituted prejudgment interest. Appellees and Li disputed whether the calculation for the contingency fee was to include or exclude the substantial prejudgment interest. Appellees filed suit against Li in the Superior Court of New Jersey, and the court ordered Li not to dissipate the funds he had claimed as his contingency fee pending the resolution of the dispute. Notwithstanding the court order, Li transferred those funds to parties in China. The Superior Court ordered Li to return the funds, but Li failed to do so. The New Jersey Supreme Court ultimately disbarred Li for his conduct.

After judicial wrangling in New Jersey and New York state courts, Li filed for bankruptcy. The Bankruptcy Court denied Li's discharge petition for two independent reasons. First, the Bankruptcy Court found that Li had knowingly and fraudulently made a false oath or account in or in connection with the bankruptcy case, making his obligations nondischargeable under 11 U.S.C. § 727(a)(4). Alternatively, it held that, based on the findings of the New Jersey Supreme Court in disbarring Li, Li had engaged

---

[1] Appellees are Diana Peng, as Executrix and Beneficiary of the Estate of Alfred Peng, Tzuli Hsu, Joseph Huang, Stephen Huang, Pen Fa Lee, and Veronica Wan, as Administratrix of Chee C. Wan.

in a knowing misappropriation of client funds without a good faith belief that he was entitled to those funds, and therefore, his obligations were nondischargeable under 11 U.S.C. § 523(a)(4). The Bankruptcy Court also refused to entertain a counterclaim brought by Ellman, Li's law clerk and business partner, for lack of jurisdiction.

The District Court affirmed the decision of the Bankruptcy Court, and Li and Ellman appealed. Appellants challenge both grounds for the debt being nondischargeable, as well as the refusal to entertain Ellman's counterclaims.

## II. Analysis[2]

### A. Dischargeability

An individual debtor may not be discharged in bankruptcy from a debt if that individual has committed "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Because the New Jersey Supreme Court determined that Li had knowingly misappropriated client funds, Li was collaterally estopped from raising this issue in his bankruptcy proceeding and was ineligible for discharge under § 523(a)(4).

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997).[3] The conclusions of the New Jersey Supreme Court were as follows:

---

[2] "We exercise plenary review of an order issued by a district court sitting as an appellate court in review of the bankruptcy court." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003). We set aside findings of fact by a bankruptcy court if "clearly erroneous." *Id.* We review legal conclusions de novo. *Id.*

[3] Under New Jersey law, the party asserting collateral estoppel must show that (1) the issue to be precluded is identical to the issue decided in the prior proceeding, (2) the issue

> (1) the written fee agreement with [Li's] clients did not authorize the $1.2 million fee [Li] took, (2) [Li] wrote to his clients suggesting that he would charge additional fees and potentially inform authorities about alleged misrepresentations at trial unless the clients abandoned their challenge to his fee, and (3) [Li] deliberately deposited the unauthorized fee in his children's bank accounts and wired the funds for his personal use to China, where they could not be retrieved, after he had been sued;
>
> And . . . [Li] lacked a reasonable, good-faith belief of entitlement to the disputed funds and . . . his use of the contested funds therefore constituted a knowing misappropriation of client funds for which disbarment is required.

*In re Feng Li*, 65 A.3d 254, 254 (N.J. 2013).

On appeal, Li argues that collateral estoppel was improper because the New Jersey Supreme Court lacked jurisdiction over him. Li, who is or was licensed in both New Jersey and New York, argues that New York law permitted him to calculate his contingency fee by including the prejudgment interest award and that, since the underlying litigation was in New York, the New Jersey Supreme Court had no authority to disbar him for his conduct. But there is no question that New York law does not permit an attorney to disburse funds to a foreign country after a court has ordered him not to do so. And it is beyond peradventure that a state may disbar an attorney from practicing in that state for misconduct occurring in another state. Accordingly, Li has failed to show that collateral estoppel was improper. Li has engaged in "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" pursuant to 11 U.S.C. § 523(a)(4) and therefore is not entitled to a discharge of his debt.

---

was actually litigated in the prior proceeding, (3) the court in the prior proceeding issued a final judgment on the merits, (4) the determination of the issue was essential to the prior judgment, and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007).

4

Alternatively, Li's false oaths sufficed to make his debt nondischargeable. A bankruptcy court "shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4). The Bankruptcy Court's determination that Li made false oaths was not clearly erroneous, and the District Court correctly affirmed the Bankruptcy Court's denial of his discharge petition.

As recounted by the District Court, the Bankruptcy Court noted multiple false oaths or accounts made by Li in or in connection with the bankruptcy case. Li failed to disclose on Schedule B of his bankruptcy petition his attorney trust accounts and the transactions involving those accounts in the six months prior to the filing of his petition. Li failed to disclose his Weidlinger Retirement Account as part of his bankruptcy filing. Li failed to disclose the existence of his ownership interest in FL Engineers, LLC. Li failed to disclose his counterclaims against Appellees. Li failed to disclose his home ownership, instead purporting to have transferred the home to his wife. Li failed to disclose his income, i.e., the contingency fee he received from Appellees, in his Schedule B Statement of Financial Affairs. Li failed to disclose an insider payment, i.e., the transfer of money taken from his attorney trust accounts to China in order to settle personal debts. Li failed to disclose the sale of his debts to Ellman, his law clerk and business partner, in the six months immediately preceding the filing of the petition. Thus, Li's failures to disclose are abundant.

On appeal, Li argues that his failures to disclose were just "an obvious silly mistake" (Appellants' Br. 57), were not done "knowingly and fraudulently," 11 U.S.C.

5

§ 727(a)(4), or did not actually constitute failures to disclose, either because there was no need to disclose or because there was in fact a disclosure. We set aside a bankruptcy court's findings of fact only if they are "clearly erroneous," *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003), and Li has failed to convince us that the Bankruptcy Court clearly erred. Even if Li were to convince us that some of his failures to disclose did not constitute false oaths made knowingly and fraudulently, he has failed to establish that he has not at all "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4). As explained by the Bankruptcy Court, we "certainly can infer the fraud from the serious pattern of errors and omissions that had been made and for which there have been no adequate explanation provided," especially considering that Li is an attorney who "has practiced in the area of bankruptcy." (App. 27-28.) Accordingly, Li was properly denied a discharge.

### B. Ellman's Counterclaim

Ellman urges that "Ellman clearly can bring third party practice against Appellees for unpaid legal fees." (Appellants' Br. 71.) The Bankruptcy Court held that it did not have jurisdiction over Ellman's counterclaim against Appellees and that, even if it did, it would sua sponte abstain from hearing the matter, pursuant to 28 U.S.C. § 1334(c)(1).[4] The Bankruptcy Court properly refused to exercise jurisdiction over Ellman's counterclaim. "[B]ankruptcy courts have no jurisdiction over proceedings that have no

---

[4] *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").

effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). Ellman's counterclaim is against Appellees, and it has no effect on the estate of Li, the debtor. Accordingly, the Bankruptcy Court properly found that it was without jurisdiction to decide the claim, and the District Court properly affirmed.

### III. Conclusion

For the foregoing reasons, we will affirm the District Court's order.