Feng Li v Shih (2022 NY Slip Op 04293)

Feng Li v Shih

2022 NY Slip Op 04293

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-00675 
2020-00676
 (Index No. 704245/18)

[*1]Feng Li, appellant,
v
Willard Shih, etc., respondent.

Feng Li, New York, NY, appellant pro se.
Wilentz, Goldman & Spitzer, P.A., New York, NY (John E. Hogan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated December 10, 2019, and (2) an order of the same court dated December 11, 2019. The order dated December 10, 2019, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The order dated December 11, 2019, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to supplement the complaint.
ORDERED that the order dated December 10, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 11, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff represented a number of clients in a lawsuit that resulted in a substantial judgment. The proceeds of the judgment were received by the plaintiff and deposited into his trust account. The plaintiff and the clients disagreed as to whether the plaintiff's legal fees should be calculated pursuant to the terms of the retainer agreement they had signed or pursuant to New York's contingency fee rules, and as to whether funds collected prior to the plaintiff's representation of the clients should be included in that calculation as well (see Matter of Feng Li v Knight, 201 AD3d 1048, 1048-1049). Before the fee dispute had been resolved, the plaintiff unilaterally disbursed approximately $1.2 million of the amount collected on behalf of the clients to himself and thereafter used the disputed funds to pay off foreign debts (see Feng Li v Peng, 161 AD3d 823, 824; Feng Li v Peng, 516 BR 26, 32 [Bankr D NJ], affd 610 Fed Appx 126 [3d Cir]). The plaintiff "was subsequently disbarred in New Jersey and suspended from the practice of law in New York for misappropriating the disputed portion of his legal fee" (Feng Li v Peng, 161 AD3d at 824; see Matter of Feng Li, 149 AD3d 238; In re Feng Li, 201 NJ 523, 65 A3d 254). The fee dispute concluded in 2015 when a New Jersey court entered a judgment in favor of the clients and against the plaintiff in the total sum of approximately $1 million.
The plaintiff subsequently commenced this action against the defendant, an attorney who represented the plaintiff's former clients in a number of actions and proceedings arising out of the fee dispute. The complaint asserted eight causes of action, sounding in malicious prosecution, abuse of process, prima facie tort, and intentional infliction of emotional distress, among other things. The complaint alleged that the plaintiff justifiably disbursed the disputed portion of the fee to himself, and that the defendant, despite knowing this to be true, pursued relief on the clients' behalf in the New Jersey action that resulted in the money judgment and in two attorney discipline proceedings that resulted in the plaintiff's disbarment in New Jersey and suspension in New York. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff opposed the motion, and separately moved pursuant to CPLR 3025(b) for leave to supplement the complaint by adding a cause of action to recover treble damages under Judiciary Law § 487 and allegations that the defendant falsely accused the plaintiff of misappropriating client funds and misrepresenting the terms of the retainer agreement in communications with a number of courts and other bodies.
In an order dated December 10, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the defendant's filing of ethics complaints was absolutely privileged (see Wiener v Weintraub, 22 NY2d 330, 331-332). In an order dated December 11, 2019, the court denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to supplement the complaint. The defendant appeals from both orders. We affirm, albeit for different reasons than those relied upon by the Supreme Court.
"'On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Murphy v Department of Educ. of City of N.Y., 155 AD3d 637, 638, quoting Phillips v Taco Bell Corp., 152 AD3d 806, 807). "'Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the critereon becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Edelman v Berman, 195 AD3d 995, 996, quoting Bodden v Kean, 86 AD3d 524, 526).
"'Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding'" (Bisogno v Borsa, 101 AD3d 780, 781, quoting Kilkenny v Law Off. of Cushner & Garvey, LLP, 76 AD3d 512, 513; see Weiner v Weintraub, 22 NY2d at 331-332). Here, the Supreme Court correctly determined that so much of the complaint as sought to recover damages for the defendant's alleged misrepresentations made during the course of litigation was subject to dismissal pursuant to CPLR 3211(a)(7) (see Casa de Meadows Inc. [Cayman Is.] v Zaman, 76 AD3d 917, 920-921; Sinrod v Stone, 20 AD3d 560, 562). However, as the plaintiff contends, this privilege did not bar the complaint in its entirety, as each of the eight causes of action also alleged wrongdoing that did not stem from a privileged communication (see Hadar v Pierce, 111 AD3d 439, 440; Singer v Whitman & Ransom, 83 AD2d 862, 863).
Nevertheless, the defendant was entitled to dismissal of the entire complaint. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). "'Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Wilson v City of New York, 161 AD3d 1212, 1216, quoting Conason v Megan [*2]Holding, LLC, 25 NY3d 1, 17). Here, numerous courts, including this Court, have determined that the plaintiff may not relitigate the merits of the fee dispute with his former clients and the question of whether he misappropriated their funds (see e.g. Matter of Feng Li v Knight, 201 AD3d at 1048-1051; Feng Li v Peng, 161 AD3d at 825-826; Feng Li v Lorenzo, 2016 WL 10679578, *2 [SD NY, No. 16-CV-4092 (CM)], affd on other grounds, 712 Fed Appx 21 [2d Cir]; Feng Li v Peng, 516 BR at 42-48; Peng v Law Off. of Feng Li, 2017 WL 1166454, *6, 2017 NJ Super Unpub LEXIS 800, *15-16 [NJ Super, Docket No. A-3280-14T2]). The plaintiff's first through fourth causes of action are all renewed attempts to relitigate these issues. Consequently, these causes of action are barred under the doctrine of collateral estoppel.
The plaintiff does not otherwise have a cause of action to recover damages from the defendant. New York does not recognize independent causes of action for punitive damages (see Gershman v Ahmad, 156 AD3d 868, 868) or civil conspiracy (see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 788), and the plaintiff does not identify an actionable, underlying tort that might otherwise warrant recovery under these causes of action or his aiding and abetting cause of action. Moreover, "'there is no private right of action against an attorney or law firm for violations of the Code of Professional Responsibility or disciplinary rules'" (Karimian v Karlin, 173 AD3d 614, 616, quoting Weinberg v Sultan, 142 AD3d 767, 769; see DeStaso v Condon Resnick, LLP, 90 AD3d 809, 814).
As for the plaintiff's motion pursuant to CPLR 3025(b) for leave to supplement the complaint, "[m]otions for leave to amend the pleadings and motions for leave to supplement the pleadings are generally governed by the same standard[ ]" (Maulella v Maulella, 90 AD2d 535, 537; see CPLR 3025[b]). "A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just" (CPLR 3025[b]). Leave "'should be granted where the amendment [or supplement] is neither palpably insufficient nor patently devoid of merit, and any claimed delay in seeking the amendment [or supplement] does not prejudice or surprise the opposing party'" (Ridgewood Sav. Bank v Glickman, 197 AD3d 1189, 1191, quoting American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc., 177 AD3d 836, 838). Here, the proposed supplement to the complaint seeking to add a cause of action under Judiciary Law § 487 was "patently devoid of merit" (McIntosh v Ronit Realty, LLC, 181 AD3d 579, 580; see Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1092-1093).
The parties' remaining contentions need not be addressed in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court