Gooden v Hernandez (2024 NY Slip Op 50367(U))

[*1]

Gooden v Hernandez

2024 NY Slip Op 50367(U)

Decided on April 5, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 5, 2024
Supreme Court, Kings County

Jerimee Gooden, Plaintiff,

against
Edgar Hernandez and ISLAND TRANSPORTATION CORP., Defendants.

Index No. 502836/2018

Siegel & Coonerty, LLP, New York City (Michael Peters of counsel), prior attorneys for Plaintiff, for the motion.
Bogoraz Law Group, Brooklyn (Thomas J. S. Gilman of counsel) attorneys for Plaintiff, in opposition to the motion.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Siegel & Coonerty, LLP, Prior Attorneys for Plaintiff
NYSCEF Document No. 123: Notice of Motion
NYSCEF Document No. 124: Affirmation in Support
NYSCEF Document No. 125: Exhibit A — Retainer with the Jackson Firm
NYSCEF Document No. 126: Exhibit B — Co-Counsel Retainer Agreement with the Jackson and Siegel Firms
NYSCEF Document No. 127: Exhibit C — Substitution Letter from Bogoraz Firm
NYSCEF Document No. 128: Exhibit D — Stipulation of Discontinuance
NYSCEF Document No. 129: Exhibit E — Order to Show Cause
NYSCEF Document No. 130: Exhibit F — OCA Retainer Statement
Submitted by Bogoraz Law Group, Attorneys for Plaintiff
NYSCEF Document No. 158: Affirmation in Opposition
NYSCEF Document No. 159: Email Correspondences
Submitted by Siegel & Coonerty, LLP, Prior Attorneys for Plaintiff
NYSCEF Document No. 160: Reply Affirmation in Support
 Background
This is a motion by Plaintiff's prior co-counsel, the law firm of Siegel & Coonerty, LLP, requesting the Court to grant leave to file a late retainer statement with the Office of Court Administration (OCA) or deem the OCA retainer statement filed on October 23, 2023 timely filed nunc pro tunc. The motion was filed on January 31, 2024. (See NYSCEF Doc No. 123, notice of motion.)
Following a motor vehicle accident on July 30, 2017, Plaintiff executed and consented to a co-counsel retainer agreement whereby Jackson Legal Group, P.C. (Jackson), his original attorneys, retained Siegel & Coonerty, LLP (Siegel) to act as co-counsel to Plaintiff (see NYSCEF Doc No. 124, affirmation in support ¶¶ 3, 5). However, on February 8, 2021, Plaintiff substituted Bogoraz Law Group, P.C. (Bogoraz) in place of the Jackson and Siegel firms (see id. ¶ 6). Siegel believes that another firm, Chernyy & Associates, P.C. (Chernyy) was co-counsel to Bogoraz (see id. ¶ 7). The case ultimately being settled on October 2, 2023 (see id. ¶ 8). At this point the various attorneys of the Plaintiff in the case — past and present — have come to an impasse in determining how to split the attorney fees, and complicating the issue is that the Siegel firm was unable to locate a filed OCA retainer statement (see id. ¶¶ 9-10).
Siegel maintains that due to a clerical oversight the OCA retainer statement was not timely filed and should be deemed filed nunc pro tunc (see NYSCEF Doc No. 130, OCA retainer statement). This motion seeks, pursuant to CPLR 2004, an order granting leave to file a late retainer statement with the OCA pursuant to 22 NYCRR 691.20 (a), or to deem the OCA retainer statement filed on October 23, 2023 timely filed nunc pro tunc. Siegel relies on case law that defers to the Court's discretion to preserve an attorney's right to recover fees. (See NYSCEF Doc No. 124, affirmation in support ¶¶ 14-25).
In opposition, the Bogoraz law firm claims it would be highly improper for the court to grant leave to file a retainer nearly 4 years late, especially where such retainers are required by 22 NYCRR 691.20(a)(1) to be filed within thirty days. (See NYSCEF Doc No. 158, Affirmation in Opposition. ¶ 6). Moreover, Bogoraz asserts that the reasons Siegel cites for the delay fails to rise above conclusory statements, without any evidence for how or why such a delay resulted. (See NYSCEF Doc No. 158, Affirmation in Opposition. ¶ 7).

Discussion
"Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule, or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" CPLR 2004). "In exercising its discretion to extend the time to file the subject retainer statement pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the person opposing the motion" (Siracusa v Fitterman, 110 AD3d 1055, 1056 [2d Dept 2013]). Likewise, where a party does not dispute that a law firm performed work on their behalf, and the firm's OCA retainer statement is merely filed late, the firm does not lose its right to maintain a claim for a statutory lien pursuant to Judiciary Law § 475, even without leave of the court to deem the late filing timely nunc pro [*2]tunc (see Fuentes v Brookhaven Mem. Hosp., 43 AD3d 992, 994 [2d Dept 2007]).
In the instant case, the Court sees no reason to deny leave to file a late retainer statement with the OCA. There is no argument that granting such a leave would unduly prejudice any of the parties. Granting the leave to file would not resolve any factual issues among the parties over what work was conducted and would likely be heard at a later hearing.
Bogoraz raises concerns that to grant leave for a retainer statement nearly four years late would effectively remove length of delay as a factor in a Court's determination when applying CPLR 2004 to a situation where an OCA retainer statement was filed late (see generally NYSCEF Doc No. 158, affirmation in opposition). However, Bogoraz fails to present any relevant law that defines how much of a delay would mandate denying the motion. Furthermore, length of delay is merely one factor among many that may be considered when a Court seeks to determine its power to apply CPLR 2004 to a relevant case. Therefore, in deciding to deem Siegel's OCA retainer statement timely filed nunc pro tunc, this Court is not disregarding delay as a factor, but merely considering it amongst other relevant factors such as the law's interest in allowing attorneys to maintain a claim for their share of fees and having all the facts of the case heard. There is no reason to believe that the failure to file the OCA retainer statement shortly after being retained by Jackson was anything other than law office failure. Bogoraz is not prejudiced here. It appears that Siegel did perform at least some work. The question is how much, if anything, it is entitled to. The dispute is the subject of a separate motion (Sequence No. 5), presently calendared for May 24, 2024. At that point, Siegel, Bogoraz, and perhaps Jackson and Chernyy can present their respective arguments regarding a division of the legal fee.
The Court rejects the argument of Bogoraz offered during oral argument that a salutary effect of denying Siegel's motion would be to deny Siegel's claim for part of the attorney fees. That should not be a reason to deny leave to file a late OCA retainer statement or deem the untimely one filed timely nunc pro tunc. Even if Siegel fails to prove that it is entitled to a portion of the attorney fees, it should still be permitted to comply with the retainer filing requirement.

Conclusion
In weighing the court's ability to grant leave to file a late retainer statement with the Office of Court Administration, and given the deference afforded to the Court by CPLR 2004, it is hereby ORDERED that the motion by Plaintiff's former counsel Siegel is GRANTED, and the OCA retainer statement filed October 23, 2023 is deemed timely filed nunc pro tunc.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York