Wodzenski v Di Pippo (2025 NY Slip Op 03839)

Wodzenski v Di Pippo

2025 NY Slip Op 03839

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-02035
 (Index No. 54358/20)

[*1]John J. Wodzenski, appellant, 
v
Philip A. Di Pippo, etc., et al., respondents.

Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (David Bloom of counsel), for respondents Philip A. Di Pippo, Douglas J. Fanning, and Law Offices of Douglas J. Fanning, LLP.
Wood Smith Henning & Berman LLP, White Plains, NY (Christopher J. Seusing, John T. Cofresi, and Meghan A. Dibbini of counsel), for respondent DiPippo Law Group, LLC.
Kaufman Dolowich Voluck, LLP, Woodbury, NY (Brett A. Scher and Kari Olszewski of counsel), for respondents John J. Fiore and Fanning & Fiore, LLP.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of 22 NYCRR 691.20, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated February 18, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Philip A. Di Pippo, Douglas J. Fanning, and Law Office of Douglas J. Fanning, LLP, the defendant DiPippo Law Group, LLC, and the defendants John J. Fiore and Fanning & Fiore, LLP, which were pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 2021, the plaintiff commenced this action against the defendants Philip A. Di Pippo, Douglas J. Fanning, and Law Office of Douglas J. Fanning, LLP (hereinafter collectively the Di Pippo Fanning defendants), the defendant DiPippo Law Group, LLC (hereinafter DiPippo Law), and the defendants John J. Fiore and Fanning & Fiore, LLP (hereinafter together the Fiore defendants). The plaintiff alleged that the defendants represented him in a personal injury action, which settled in 2018. The amended complaint asserted, among other things, a cause of action to recover damages for a violation of 22 NYCRR 691.20 (first cause of action) based on the defendants' alleged failure to file a retainer statement and closing statement with the Office of Court Administration (hereinafter the OCA). The Di Pippo Fanning defendants, DiPippo Law, and the Fiore defendants separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against each of them. In an order dated February 18, 2022, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state [*2]a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868). "Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Garendean Realty Owner, LLC v Lang, 175 AD3d 653, 653 [internal quotation marks omitted]; see Krasnow v Catania, 219 AD3d 1324, 1325-1326).
22 NYCRR 691.20(a) and (b) set forth certain requirements for attorneys regarding the filing of retainer statements and closing statements with the OCA (see Matter of Herbert, 206 AD3d 114, 116). 22 NYCRR 691.1 provides, inter alia, that "[t]his Part serves as a supplement to, and should be read in conjunction with the Rules for Attorney Disciplinary Matters." "[T]here is no private right of action against an attorney or law firm for violations of the Code of Professional Responsibility or disciplinary rules" (Feng Li v Shih, 207 AD3d 444, 448 [internal quotation marks omitted]; see Doscher v Meyer, 177 AD3d 697, 699; Weinberg v Sultan, 142 AD3d 767, 769).
Here, even accepting the plaintiff's allegations as true and affording the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the first cause of action, to recover damages for a violation of 22 NYCRR 691.20, failed to state a cause of action against the defendants (cf. Micro-Spy, Inc. v Small, 69 AD3d 687, 689; see generally Feng Li v Shih, 207 AD3d at 448). Accordingly, the Supreme Court properly granted those branches of the separate motions of the Di Pippo Fanning defendants, DiPippo Law, and the Fiore defendants which were pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against each of them.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court